## BEAN v. GREGG.

1. Under section 28 of the code, action upon a contract, wherein no place of performance is specified, may be brought in the county where the plaintiff resides.
2. To maintain an action at law for the balance found due upon a settlement of partnership accounts, an averment in the complaint of the settlement is essential, and without such averment the pleading is fatally defective.
3. A defective averment may sometimes be cured by verdict; but the entire absence of a material averment is fatal to a recovery.

*Appeal from District Court of Pueblo County.*

THE facts are sufficiently stated in the opinion.

Messrs. SIMMONDS and COBB, for appellant.

Messrs. PATTON and URMY, for appellee.

HELM, J. There is nothing in appellant's first objection. The action was brought in the county where appellee, who was plaintiff, resided. This is expressly authorized by section 28 of the code of 1883. See *Law v. Brinker*, 6 Col. 555. The second assignment of error is also without merit. The change of venue was demanded upon the ground of the convenience of witnesses. But it appears from the affidavits filed, that the expense and inconvenience to plaintiff, occasioned by the change and consequent delay, would have been great; it appears, also, that no sufficient excuse was given for not interposing the motion at an earlier moment. Aside from these reasons supporting the court's rulings, the record shows that the trial was postponed for thirteen days; that a written stipulation was entered into by the parties fixing a date and place for taking the depositions of appellant's absent witnesses; and that he had ample time to secure their testimony had he desired so to do.

There was no abuse of discretion or error in denying the application.

But the principal objection relied on for a reversal is, that the action could not be maintained in a court of law, there being no averment in the complaint of an accounting and settlement between the partners; and that all evidence of such settlement ought to have been rejected when offered at the trial.

An action may be maintained by one partner against his copartner for the balance found due upon a settlement of the partnership affairs; the better rule is that no *express promise* to pay such balance need be shown; it is sufficient if the same has been ascertained and agreed upon by the act of both parties. But an averment of the settlement by the plaintiff is material, and without it his complaint is fatally defective.

The complaint in this case states that, "at the time of dissolution of said partnership, there were in the hands of defendant, A. J. Bean, clear profits from said business to the sum of $2,133.15." This is the only declaration in the pleading that can possibly be construed as in any way referring to the subject under discussion.

Is the averment of a settlement and balance agreed upon contained by fair and reasonable intendment in the foregoing language; or are there any facts stated therein from which such an averment can be fairly implied? The rule is that doubtful language in a pleading is construed most strongly against the pleader. Reversing this rule, and construing this complaint most strongly in favor of plaintiff, can we answer these questions in the affirmative?

The above statement, taken from the complaint, simply declares that the business resulted in profits instead of losses, and names the aggregate amount of such profits. It cannot be said that the fact of plaintiff's ability to state the exact net profits in dollars and cents *implies* an accounting and settlement; the strongest reasonable implication that could be indulged in from this statement is that the plaintiff himself had examined the books, in-

vestigated the business and ascertained the exact profits. This might be absolutely true, and yet it might be equally true that the defendant had nothing whatever to do with such investigation, and knew nothing about it.

It is argued by counsel for appellee that the words "clear profits" have precisely the same meaning in this connection as would have been expressed had the pleader used instead the expression, "ascertained balance."

It is only by the implication above suggested that this can be considered true. But admitting the correctness of counsel's position, still his argument is in no wise strengthened; for, quoting from his own authority, it is only when "an ascertained balance of profit remained in the hands of one of the late partners, *upon a general settlement of accounts*," that an action can be maintained by the other for the recovery of such balance. 2 Addison on Contracts, p. *800.

The language of the complaint, by reasonable construction, rather excludes the idea of intention to aver a settlement. The averment that there were clear profits to a certain amount in the hands of defendant is not such as the most inexperienced pleader would be likely to use in stating that a settlement had been made by the parties, and an ascertained balance agreed upon.

We are reluctantly forced to say that the complaint in this case entirely fails to aver a settlement, and that therefore it does not state facts sufficient to constitute a cause of action.

This is not an instance where a material matter is loosely or inartificially pleaded, but one where the same is entirely omitted.

We cannot agree with counsel in his position that defendant was not prejudiced by this defect, and that consequently the cause should not be reversed.

Defendant first presented this question by demurrer, which was overruled; he then answered, but in no way supplied or cured this defect in the complaint; at the

trial he objected to the introduction of all evidence offered upon this question, and duly preserved exceptions; in his motion for a new trial, and also in his assignment of errors, he renews the objection. He has done nothing to waive the defect, even were a waiver possible.

The jury found correctly upon the testimony, under the court's instructions; but the evidence, the instructions, the verdict and judgment are none of them supported by the complaint.

The main issue actually tried was the settlement; this issue was wholly unpresented by the pleadings, and defendant omitted no opportunity to attack the proceeding.

The judgment must be reversed and the cause remanded.

*Reversed.*