THOMAS V. COLORADO NAT. BANK.

1. Under the Code of Civil Procedure, 1883, section 39, providing that a summons shall be served by the sheriff of the county where defendant is found, or by his deputy, and that it shall be returned, with the certificate of the officer of the service, to the office from which it issued; and section 47, providing that such certificate shall be proof of service,— a return dated at the office of the sheriff of the county of defendant's residence, stating that the summons was served personally by delivering a copy to defendant, and signed by the sheriff, by his deputy, is sufficient.

2. Under the Code of Civil Procedure, 1883, which, after providing for the place of bringing actions, not mentioning notes, provides, in section 28, that in all other cases the action shall be tried in the county in which either plaintiff or defendant resides, and that actions on notes may be tried in the county where made payable, an action on a note may be brought in the county of plaintiff's residence, though defendant resides, and the note is made payable, in another; and defendant, having elected to stand on his assertion that the court is without jurisdiction, is in default, and judgment may be entered against him.

*Appeal from Arapahoe County Court.*

THIS was an action by the appellee, Colorado National Bank, resident of Arapahoe county, against the appellant, Theodore H. Thomas, resident of Gunnison county, upon a promissory note made and delivered at Gunnison, April 18, 1884, whereby the appellant, for value received, promised to pay to the order of Struby, Estabrook & Co., in ninety days thereafter, at the Iron National Bank, in Gunnison, the sum of $500, with interest from date at the rate of twelve per cent. per annum, and ten per cent. as attorneys' fees, if suit should be instituted thereon; which note had been duly indorsed to the appellee. The complaint was filed in the said county court of Arapahoe county, July 30, 1884, and summons then issued. The return thereon was as follows:

" *State of Colorado, Gunnison County — ss.:*

" OFFICE OF THE SHERIFF OF SAID COUNTY,

" GUNNISON, August 1, 1884.

" I do hereby certify that I received the within sum-

mons on the 1st day of August, A. D. 1884, and person-
ally served the same on the 1st day of August, A. D.
1884, by delivering a copy of said summons to the within
named defendant, Theodore H. Thomas, personally, at
West Gunnison, in said county.

"C. W. SHORES, Sheriff,
"By JOHN F. HALL, Deputy."

On September 8, 1884, the said appellant appeared by
counsel, specially, and moved the court to quash the
summons, for reasons stated as follows: "First, because
the said summons was not issued to the county, nor to
the sheriff of the county, in which the defendant was
served or resided; second, because it does not appear from
the summons, nor the return thereon, that C. W. Shores
was, at the time the same purports to have been served,
the duly-qualified sheriff of Gunnison county; third, be-
cause the summons, as well as the return thereon, are
each insufficient and illegal, and give the court no juris-
diction over the defendant; fourth, because this court
has no jurisdiction over this defendant, nor over the sub-
ject-matter of the supposed suit; fifth, because it appears
from the complaint that the said action is based upon a
promissory note which was executed at Gunnison, Colo-
rado, and specially made payable at the Iron National
Bank of Gunnison, Gunnison county, Colorado; sixth,
because it appears from the return on said summons that
the said summons was served on defendant in Gunnison
county, state of Colorado, by one Hall, claiming to act as
deputy sheriff of one C. W. Shores, without the jurisdic-
tion of this court, and not within the county of Arapa-
hoe; seventh, because it appears from the affidavit of the
defendant, hereto attached, that the said defendant is
now, and was at the time of the supposed service of said
summons, and the commencement of this action, a resi-
dent of Gunnison county, state of Colorado." Hearing
was had thereon December 5, 1884, and the court denied
the motion, and adjudged as follows: "Now, on this day,

this cause coming on to be heard upon the motion of defendant to quash the summons and dismiss this cause, it is argued by counsel,— Messrs. Bartels & Blood, for said plaintiff; Messrs. Dawson & Lipscomb, for said defendant, — specially; at the conclusion of which, and the court being fully advised in the premises, it is considered by the court that the said motion be, and it is hereby, overruled; and thereupon defendant says he will file no appearance, but will stand by his motion; and on the motion of said plaintiff the default of said defendant, for failure to file an answer or demurrer to plaintiff's complaint, it is hereby entered according to law, and it is ordered that judgment be entered herein in favor of said plaintiff, and against defendant, in the sum of $587.50. Whereupon it is ordered and adjudged and decreed by the court that the plaintiff have and recover of said Theodore H. Thomas, the said defendant, the sum of $587.50, together with its costs in this behalf incurred, to be taxed, and that execution issue therefor."

Messrs. THOMAS and THOMAS, for appellant.

Messrs. BARTELS and BLOOD, for appellee.

STALLCUP, C.  It is assigned and argued here that the court erred in denying the motion to quash the summons, and in entertaining jurisdiction of the case, because the said summons was not issued to the county, nor to the sheriff of the county, in which the defendant was served; because it does not appear from the summons, nor the return thereon, that C. W. Shores was, at the time the same purports to have been served, the duly-qualified sheriff of Gunnison county; because the contract was made payable in Gunnison county, and that the defendant was resident there; and that the court erred in giving and entering judgment without evidence. Section 34 of our Code of Civil Procedure (1883) provides that the summons shall be issued under the seal of the

court, and directed to the defendant. Section 36 provides
that the time in which the summons shall require the
defendant to answer the complaint shall be as follows:
(1) If the defendant is served within the county in which
the action is brought, ten days; (2) if the defendant is
served out of the county, but in the district in which the
action is brought, twenty days; (3) for all other cases,
forty days. Section 39 provides, *inter alia*, that the sum-
mons shall be served by the sheriff of the county where
the defendant is found, or by his deputy, and that it shall
be returned, with the certificate of the officer of its serv-
ice, to the office of the clerk from which the summons
issued; and section 47 provides that such certificate shall
be proof of service. The service of the summons appears
to be in accord with these provisions. Section 28 (24)
provides that, " In all other cases, the action shall be tried
in the county in which the defendants or any of them
may reside, or where the plaintiff resides. * * * Ac-
tions upon contracts may be tried in the county in which
the contract was to be performed; actions upon notes or
bills of exchange, in the county where the same are made
payable." This section has been construed by this court
in the case of *Law v. Brinker*, 6 Colo. 556, to the effect
that, in actions upon notes or bills of exchange, the
plaintiff may bring the same in the county of his resi-
dence. We conclude that the appellee, who was plaint-
iff below, had the right to bring this action in the said
county court of Arapahoe county, and that the said court
accordingly had jurisdiction thereof. The appellant hav-
ing elected to stand by his assertion that the court was
without jurisdiction in the premises, to which question
his appearance was specially limited, and having declined
to plead to the complaint, the court was warranted in
proceeding with the case the same as if there had never
been any appearance for appellant. *Graham v. Spencer*,
14 Fed. Rep. 603, 606, 607. The appellant was in default,
and the complaint stood confessed. The judgment given

and entered being for a liquidated amount, ascertainable from the terms of the contract set forth, and in accord with the terms thereof as set forth in the complaint, and stated in the summons, was properly given and entered without further or different evidence. Secs. 37, 149, Code 1883. The judgment should be affirmed.

RISING and DE FRANCE, CC., concur.

PER CURIAM. For the reasons assigned in the foregoing opinion the judgment of the court below is affirmed.

*Affirmed.*