DE WEIN ET AL. V. OSBORN.

| 12 | 407 |
|----|-----|
| 23 | 382 |

1. CHANGE OF VENUE — PLEADING.—An application by defendants for change of venue to another county, on the ground that they are residents of such county; that the action is founded on a contract to be performed therein; and that the summons was there served on them; but which does not show that plaintiff was not a resident of the county where the action is brought when the suit was commenced,— is properly refused.

2. A like application on the same grounds, and on the further ground that the change will be more convenient for the witnesses, is in the discretion of the trial court, and its refusal thereof is not error.

3. In an action on a promise made on a contingency, where the complaint contains the necessary averments as to the happening of the contingency, which are denied by the answer, an issue of fact is created, and a demurrer to the answer should be overruled.

*Appeal from County Court of Pueblo County.*

THE appellee, B. H. Osborn, brought this action against the appellants, V. and L. K. De Wein, in the county

court of Pueblo county. Leaving out the formal parts, and the allegation that the amount sued for was not in excess of $2,000, the complaint is as follows:

"(1) That on the 21st day of September, A. D. 1883, at Denver, Colorado, the defendants did for value received execute and deliver to plaintiff their promissory note in writing, of which the following is a copy:

"'$682.62.          DENVER, COLO., Sept. 21st, 1883.

"'On or before one year from date I promise to pay B. H. Osborn six hundred eighty-two and $\frac{62}{100}$, without interest, value received, payable at Denver, Colorado, not negotiable, and subject to losses on such accounts as are not in P. & L. account from Oct. 25th, 1882, to Sept. 21st, 1883, of V. De Wein, Son & Co.'s ledger; B. H. Osborn guarantying one-half losses on said accounts.

"'V. DE WEIN,
"'L. K. DE WEIN.'

"(2) That there have been no losses on such accounts as are not in P. & L. (profit and loss) account from October 25, 1882, to September 21, 1883, of V. De Wein, Son & Co.'s ledger aforesaid, and that said sum of $682.62 is now wholly due, and payable."

The appellants, before making answer, applied to the court for a change of venue to the county of Arapahoe, on the alleged grounds, supported by affidavit, that they were residents of the latter county; that the action is founded on a contract to be performed in said county of Arapahoe; that the action accrued, the money was made payable, and the summons was served upon defendants, in said county of Arapahoe. The court denied this application. The defendants thereupon filed an answer, in the first defense of which the averment contained in the second paragraph of the complaint is denied.

The defendants then renewed their application for a change of venue for the same reasons assigned in their first application, and for the further reason that it would be more convenient for the witnesses. This application

was also denied. A demurrer to the first defense was sustained on the ground that it did not state facts sufficient to constitute a defense, and, the defendants having elected to stand by their answer, the plaintiff filed a replication to the second defense.

A jury was waived and a trial was had to the court, which resulted in a judgment in favor of the plaintiff for the sum of $722.38 and costs of suit, from which judgment the defendants have appealed to this court.

Mr. L. B. FRANCE, for appellants.

Mr. N. B. WESCOTT, for appellee.

DE FRANCE, C. The first and second errors assigned go to the rulings of the court denying the applications for a change of venue. From the holdings announced by this court in the cases of *Law v. Brinker*, 6 Colo. 555, and *Bean v. Gregg*, 7 Colo. 499, as to where a suit like the present may be brought, it follows that the first of said applications is faulty in not showing, if such is the fact, that the plaintiff was not a resident of Pueblo county at the time of commencing this action, and that no error was committed by the court in denying the same. The second application rested in the discretion of the court, and we can find no warrant for saying that such discretion was abused.

By the third error assigned it is asserted that the court erred in sustaining the demurrer to the first defense of the answer. The instrument sued upon in this case is, in legal effect, not unlike that mentioned and construed in the case of *Cushman v. Haynes*, 20 Pick. 132. The promise made is upon a contingency, and the amount to be paid is left uncertain. In a complaint upon such an agreement it is necessary to aver the occurrence or non-occurrence, as the case may be, of the contingency upon which the promise depends; and upon a denial of

such a averment it is necessary, in order to a recovery, to prove the same.   1 Pars. Bills & N. 48.

The complaint in this action contains the necessary averment in this respect, and it was denied by the first defense in the answer.   An issue of fact was thereby created.   The demurrer to that defense should therefore have been overruled, and for this error the judgment must be reversed.

The instrument sued upon is not a promissory note, because of its uncertainty in the amount of the payment promised.   Whether the complaint is sufficient in respect to its averment of the consideration upon which the agreement is based, or defective for declaring upon the same as a promissory note, are questions upon which we do not pass.   Should the plaintiff deem it advisable to amend his complaint in these particulars he should be accorded the privilege of so doing.

STALLCUP, C., concurs.   RISING, C., dissents.

PER CURIAM.   For the reasons stated in the foregoing opinion the judgment is reversed.

<em>Reversed.</em>