NEWELL V. GIGGEY.

1. ACTION FOR A TORT — VENUE. — Under the Civil Code, 1883, an action to recover damages for a tort may be brought in the county where the plaintiff resides, though the tort be committed elsewhere.
2. VERDICT INCONSISTENT WITH THE EVIDENCE. — Where there is no conflict of evidence upon a vital point, plaintiff having the burden and failing to offer proof, and the verdict is inconsistent with the evidence given by defendant, it will be set aside.

*Appeal from Boulder County Court.*

THIS action was brought in the court below by George W. Giggey against William T. Newell to recover damages arising from an alleged tort committed by Newell. This tort consisted in the wilful driving away of plaint-

iff's bull from its usual range, resulting, as is alleged, in damages to plaintiff amounting to $670.

The cause was tried to a jury, and verdict and judgment were given for plaintiff in the sum of $35. To reverse this judgment the present appeal was taken.

Messrs. CHASE WITHROW and J. McD. LIVESAY, for appellant.

CHIEF JUSTICE HELM delivered the opinion of the court.

Counsel's first objection must be overruled. It is based upon the proposition that section 28, Code, 1883, relating to the subject of venue, requires that such actions as the one at bar shall be brought in the county where the alleged tort was committed. To support their position counsel argue that the word "may," found in the last sentence of the section mentioned, must be construed as meaning "shall." We are not called upon to discuss this objection, for the reason that the question is practically *stare decisis* in this state. *Bean v. Gregg*, 7 Colo. 499; *Law v. Brinker*, 6 Colo. 555.

These two cases were suits upon contracts, and hence fall within a different clause of the statutory provision referred to; but this fact in no wise alters the conclusion reached, or affects the reasons upon which it is founded. It is not perceived how a distinction could be made between torts' and contracts, whereby the word "may" shall be construed as merely permissive in one case and as mandatory in the other. This objection must therefore be overruled. The action might have been brought in Gilpin county, but there was also statutory authority for bringing it in Boulder.

Upon the other branch of the case, as presented, we are reluctantly compelled to sustain one of the positions taken by appellant. Under the complaint, as well as the charge, it was necessary that the driving away of plaintiff's bull from his accustomed range by defendant

should be found wilful. The burden of establishing this fact was upon plaintiff. Yet from a careful examination of the abstract, upon which alone we are compelled to rely, it appears not only that he failed to sustain such burden, but also that none of his proofs can be fairly said to bear upon the question. The evidence pertinent to this branch of the issue tried comes from the defendant. According to his (defendant's) proofs, it is doubtful if the animal actually left the range on which he belonged; besides it is shown that defendant made repeated and strenuous efforts to cut him out of the herd and leave him where he was found; but he persistently returned, and, owing to circumstances detailed, which defendant could not control, these efforts proved unavailing. There is nothing in the record that fairly contradicts this testimony.

The case at bar, therefore, is not one of conflicting evidence, where the credibility of witnesses and the value of testimony are to be carefully weighed by a jury. On the contrary, in this vital particular the evidence, as submitted to us, is all one way, and it would seem that the jury must have misapprehended its force or effect.

Objections to rulings upon the trial, to the measure of damages adopted, and to certain instructions given or refused, are assigned for error, but, as the foregoing discussion is decisive of the appeal, they will not be considered.

The judgment is reversed.                    *Reversed.*