Thomson, J.,
delivered the opinion of the court.
The second amended complaint was, on motion of the de *38 fendants, stricken from the files. Final j udgment was entered upon the order, and the plaintiff brings error.
The action was brought upon a bond, or writing obligatory, dated the 11th day of March, 1892, and subscribed by J. G. Cozad, as principal, and the defendants, D. D. Ryus and J. B. Petrie, as sureties, whereby they bound themselves for the payment of $3,000 to William J. Lemp, the plaintiff. The condition of the obligation was as follows :
“That whereas, the above bounden, J. G. Cozad, has this day made arrangements with Wm. J. Lemp to be supplied by him with draught and bottled beer brewed by said Wm. J. Lemp, now therefore if the said J. G. Cozad should pay to said Wm. J. Lemp all moneys coming due for all beer received by said J. G. Cozad, at the rate of $6.15 per bbl. for draught beer and $8.00 per cask for quarts, $8.50 per cask for pints, bottled beer f. o. b. St. Louis, Missouri, payments for such draught beer to be made weekly, for bottled beer as such beer is sold, and a statement for such sales of keg beer or draught beer to be made every week on every Monday, for bottled beer every first day of the month, then the above obligation to be void, otherwise to remain in full force and effect.”
There were an original and two amended complaints, in each of which the bond and its conditions were set forth in full. The original complaint alleged that in pursuance of the terms of the writing, the plaintiff, between March 11, and September 16, 1892, sold and delivered to Cozad bottled beer brewed by the plaintiff, for the agreed prices, and upon the agreed terms, to the aggregate amount of $3,954.50, of which only $778.20 had been paid, and demanded judgment for $3,000, the penalty of the bond. A general demurrer was sustained to this complaint. An amended complaint was then filed, which was substantially the same as the first,, except that it contained the additional allegation that the beer sold and delivered by the plaintiff to Cozad had all been sold and disposed of by him. This amended complaint was also demurred to, and the demurrer sustained. The *39 plaintiff thereupon filed a second amended complaint, containing the same allegations as the immediately preceding-one, with the exception that instead of alleging that the plaintiff sold and delivered the beer, it stated that he supplied and furnished it to Cozad. The last complaint was met by a motion to strike it from the files for the reason that it stated a new cause of action, and one different from that set forth in the original complaint. As we have said, this motion was sustained.
It is argued that the writing is not sufficient under the statute of frauds to bind the defendants, because, while the obligation itself was subscribed by them, the condition was not. The motion does not raise that question even indirectly, and we cannot travel outside of the record to determine it. Demurrers having been sustained to the original and first amended complaints, the second amended complaint became the only pleading of the plaintiff in the case. There was no demurrer to it. It was stricken out for a reason which did not in any manner affect its sufficiency, and the sole question presented by the record is, was the court correct in holding that the cause of action was changed by the new pleading? If that ruling can be upheld the judgment must be affirmed, otherwise, reversed. The contention of counsel is that the original complaint stated a cause of action arising out of a sale of the goods to Cozad, in virtue of which he became the absolute owner, whereas the second amended complaint stated one arising out of a delivery of the goods to Cozad, to be held and disposed of by him as the agent merely of the plaintiff; and that the cause of action last alleged is so essentially different from the first that to permit the pleading setting it forth to stand would be a perversion of the purposes for which amendments are allowed.
We find ourselves unable to agree with counsel in any of the positions they have taken concerning these pleadings. We think that the written instrument, by which the character of the transaction must be determined, contemplated a sale to Cozad. The plaintiff was to “supply ” Cozad with beer *40 at a fixed price per barrel or cask. This price was to be paid by Cozad to the plaintiff. Payment, it is true, was not to be made immediately upon the receipt of the goods. For the draught beer received, Cozad was to pay every week, and for the bottled beer, as it was sold, upon statements to be made on the first day of every month; but there were no restrictions imposed upon Cozad in the handling of the goods; there were no commissions reserved to him upon sales; he could sell them for such prices as lie might see fit; what he was to pay did not depend upon what he might receive; the object in not exacting payments until after sales, was only to make it easy for him to discharge his obligation; and the statements required were for the purpose of enabling the plaintiff to see that he had complied with his contract. The money which he was to pay was not on account of sales made by him for Lemp. It was the stipulated price of beer delivered to him in consideration of his agreement to pay that price for it. Bjr the terms of the contract, it was money coming due from him to Lemp for beer received by him.
After it was delivered to him he had that dominion over it which belongs to an owner. We find in the transaction all the elements of a sale, and none of an agency. The original complaint alleged a sale in terms, and the complaint which was stricken out, following the language of the contract, alleged a sale in effect, so that the distinction which is attempted between the two relates to words and not to substance.
But it does not matter very much whether Cozad took the ■goods as owner or agent. The plaintiff’s cause of action against the defendants was the default of Cozad in the payment of a debt for which they made themselves responsible. In whatever capacity Cozad acted the debt was the same. Its amount and the contingencies upon which it was payable were the same. Whether he was purchaser or agent, his indebtedness was figured in the same way, and arose out of precisely the same facts. Therefore, even if it might be said that the last complaint gives a character to Cozad’s posses *41 sion different from that given in the first, yet the debt upon which the defendant’s liability is predicated, as it is alleged in the last complaint, being identical with that attempted to be set forth in the first, the court erred in holding that it stated a new cause of action.
The judgment must be reversed.

Reversed.