REED ET AL. v. FIRST NATIONAL BANK OF PUEBLO.

1. VENUE.

The code provision that an action on a promissory note may be tried in the county where the same is made payable does not give a defendant sued elsewhere an absolute right to a change of venue.

2. PROMISSORY NOTES—MAKERS—CONSIDERATION.

When stockholders in a corporation execute a promissory note to raise money for the company, they cannot be considered as accommodation makers merely, but as principal makers, and upon a sufficient consideration.

3. PARTIES.

The holder of a note as collateral security may sue thereon as owner.

4. PROMISSORY NOTES—PRESUMPTIONS.

The execution and delivery of a promissory note being admitted, the presumption is, in the absence of proof to the contrary, that it was founded upon a sufficient consideration; and its production by the plaintiff at the trial unextinguished by indorsements of payment or otherwise is *prima facie* evidence of his ownership and of its nonpayment.

*Appeal from the District Court of Pueblo County.*

THIS is an action upon a negotiable promissory note against five of the joint makers, only two of whom (Reed and Weston) made any defense. The complaint alleges ownership by plaintiff, maturity and nonpayment of the note. The answer has four defenses: the *first* is a denial of plaintiff's ownership and a denial of nonpayment; the *second* a plea of payment; the *third* that these two defendants were accommodation makers merely, without consideration, and that plaintiff acquired its interest in the note after its maturity; the *fourth* pleaded want of consideration, and that, as between the co-makers of the note, the defendant Hartwell, one of the makers, agreed to pay it.

A replication was filed, and the case went to trial before a jury, which returned a verdict for the plaintiff for the amount of the note, less the payments theretofore made, upon which was entered a judgment, from which the defendants Reed and Weston have appealed.

Mr. CHAS. H. TOLL, Mr. W. R. BARBOUR and Mr. JOHN M. WALDRON, for appellants.

Mr. CHAS. E. GAST, for appellee.

MR. JUSTICE CAMPBELL delivered the opinion of the court.

Twenty-seven errors have been assigned. One relates to the refusal of the court to change the place of the trial, seventeen to rulings by the court upon the admission and rejection of testimony, two go to the instructions, and the others to the overruling of the defendants' motion for a nonsuit, for a new trial, and to the insufficiency of the evidence.

In their argument counsel for appellants characterize the trial of this case as one so disorderly as to warrant this court in reversing the judgment for that reason alone. Whether or not we agree with counsel for appellee that the turbulent conduct of the defendants' attorneys made it difficult for the judge to preserve that decorum which should attend trials in courts of justice is immaterial, for we do not consider the departure from the usual practice so flagrant as to justify a reversal. We may say, however, that the method adopted by the defendants' counsel during the trial was rather unusual. Counsel should be diligent in protecting his client's interests. It is not impossible, of course, but scarcely probable, that every question propounded by plaintiff's counsel was improper and every ruling of the trial court thereon incorrect; yet this record discloses that nearly every such question was objected to, and that to nearly every ruling upon the testimony, and almost every other ruling against them throughout the trial, exceptions were taken. Some of the objections bordered upon captiousness, while others are meritorious, and these we proceed to consider.

1. The note was executed in Ouray county, and was made payable in Arapahoe county, Colorado. When the action was instituted in the district court of Pueblo county, that was the residence of the plaintiff. The defendant Reed re-

sided in Ouray, and Weston in Arapahoe, county. At the time of filing the answer the defendants asked that the cause be removed for trial to the district court of Arapahoe county, upon the sole ground that the note was made payable there. This motion was based upon an affidavit and the pleadings in the case. A counter motion by the plaintiff was filed, supported by affidavit, asking that the cause be retained on the ground of convenience of witnesses. It will be observed that the defendants did not ask to have the venue changed to the county of their residence, or the residence of either of them, and there was no showing where the summons was served, so that phase of the venue statute is not before us. But the application was based solely upon that provision of section 27 of the code which provides that actions upon notes *may* be tried in the county where the same are made payable. Upon this ground the defendant did not have the absolute right to a change of venue, but, at best, only a privilege that may be waived. *Fletcher et al. v. Stowell*, 17 Colo. 94.

The court, therefore, had jurisdiction of the action and of the motion for change of the venue. Its order denying the same was not improper, under the showing made, irrespective of the merits of the plaintiff's counter application, and we affirm the ruling for that reason. *Law v. Brinker*, 6 Colo. 555; *Thomas v. Colo. Nat. Bank*, 11 Colo. 511; *De Wein et al. v. Osborn*, 12 Colo. 407; *Newell v. Giggey*, 13 Colo. 16.

2. In its instructions to the jury the court eliminated all questions except ownership and payment, for the practical withdrawal from the jury of the third and fourth defenses left only these to be determined. This ruling of the court is complained of on the ground that there was evidence tending to prove these two defenses, upon which the jury ought to have passed. Whether these defenses are well pleaded or set up legal defenses, we need not determine, for the ruling of the court can be sustained upon a more satisfactory ground.

In brief, the undisputed facts are that all the makers of this note were stockholders and directors of The Ouray Real

Estate and Building Association, which was engaged in the enterprise of building an hotel at Ouray. The corporation became indebted in the sum of about ten thousand dollars, a large amount of which was due to Hartwell, its president. To pay this indebtedness, the directors attempted to borrow money upon the company's note, secured by mortgage upon the hotel building. Negotiations for that purpose having been entered into with J. T. Donnellan, he refused to make such a loan, but agreed to furnish the money and take the individual notes of those who were directors of the company. With this condition the directors complied, and signed and delivered the note herein sued upon. Hartwell seems to have been the moving spirit in this transaction, and it probably is true that he persuaded his codirectors to sign the note upon the promise that he would, at its maturity, pay the same, or see that the association paid it, and save the signers harmless; but it is clearly established that Donnellan parted with his money solely upon the strength of the security which the names of all the joint makers afforded.

The makers of the note being stockholders in the company, they cannot be considered as accommodation makers merely, but the fact of their interest in the company and their ownership of its property constitutes a sufficient consideration for their contract, and makes them all liable as principal debtors.

In the disposition thus made of this ruling, we have considered the defenses as though properly interposed and well pleaded and as constituting good defenses. 1 Daniel on Neg. Ins., sec. 726. We are satisfied from our examination not only that there was no testimony tending to prove them, but, on the contrary, their own evidence establishes the fact that these defendants were not accommodation makers of the note, and we are equally satisfied that the same was founded upon a valuable consideration. This being so, the withdrawal of the third and fourth defenses was proper, and left only the issues of payment and ownership.

3. Plaintiff claimed to have bought the note in due course of business, and to have paid for it the full amount due

thereon at the time of purchase. As it was past due, the individual note of Hartwell, one of the makers, for the same amount, but bearing a higher rate of interest and due in ninety days, was taken contemporaneously with the purchase of the older note, and the two were held by the plaintiff as representing the same indebtedness, the older as collateral to the later, or each as collateral to the other.

Upon the other hand, the defendants' contention as to these issues was that the plaintiff never bought this note of Donnellan, or of any one else, but that Hartwell, a joint maker, paid it with money borrowed from the plaintiff; that the note thus paid was delivered to him, and he then, attempting to keep it alive, pledged it, after it was paid, as collateral security to his individual note.

One may, as owner, sue upon a note held by him as collateral security. 1 Daniel on Neg. Ins., sec. 833.

The execution and delivery of the note being admitted, in the absence of proof to the contrary the presumption is that it was founded upon a sufficient consideration, and it was admissible in evidence. The fact of its possession and production by the plaintiff at the trial, not canceled or extinguished by any indorsements of payment or otherwise, was *prima facie* evidence of the ownership by the plaintiff, and that it was then unpaid. *Perot v. Cooper*, 17 Colo. 80.

There was other evidence introduced in behalf of the plaintiff in support of these issues, and there was testimony by the defendants tending to establish their claim. A review of this evidence would serve no useful purpose. Conceding that there was a substantial conflict, we would not be warranted in substituting our determination for that of the jury, and they have found for the plaintiff.

An examination of the instructions shows that the law as to the respective contentions of the parties was properly given; hence the verdict will not be disturbed on the ground of insufficiency of the evidence.

We have not in this opinion separately taken up the numerous objections to the rulings on the testimony, but with

much care have examined all of them and also the authorities cited. To discuss them in detail would serve no useful purpose. Technically, some of the questions propounded by counsel for plaintiff to its witnesses were improper, some as leading, some as trenching too closely upon the rule against assuming as facts what was controverted, others as permitting the witnesses so to answer as to infringe upon the prerogative of the jury; but bearing in mind the large discretion vested in the trial court in the production of the evidence, and considering the rigid and lengthy cross-examination to which these witnesses were subjected by defendant's counsel, as well as taking into consideration the conduct of this trial, to which defendants' attorneys contributed at least their full share, we do not think the ends of justice demand a setting aside of the judgment for any of the errors assigned.

Perceiving no prejudicial error in the record, the judgment will be affirmed.

*Affirmed.*