[No. 1832.]

## Adamson et al. v. Bergen.

1. Venue—Application for Change—Residence of Defendants.

In an action against two defendants an application to change the venue to another county on the ground that one of the defendants resides in the county to which the change is sought, is insufficient unless it also negatives the residence of the other defendant in the county in which the action is brought.

2. Same.

In an action against two defendants, an application to change the place of trial which alleged that one of the defendants resided in the county to which the change was sought, and that the other defendant was not within the state was insufficient, as an allegation that one of the defendants was not within the state at the time the application was made did not negative the fact of his residence in the county in which the action was brought, but was entirely consistent with such residence.

3. Venue—Application for Change—Action for Goods Sold.

In an action for the price of apples alleged to have been sold and delivered in the county in which the action was brought, an application for change of place of trial on the ground of the residence of defendant in another county, which fails to negative the allegation that the apples were sold and delivered in the county in which suit was brought was insufficient and was properly denied.

4. Same—Presumptions.

An application to change the place of trial of a cause from one county to another must negative every hypothesis in favor of the county in which the action was commenced, and it will be presumed that the county in which the action is commenced is the proper county for trial, unless the contrary is shown.

5. PRACTICE—PLEADING—AMENDMENT—CHANGE OF CAUSE OF AC-
   TION—SALES.

In an action for the price of apples where the original complaint alleged
a sale of the apples to defendants, an amended complaint which
alleged that the apples were delivered to defendants to be sold by
them, they guaranteeing to plaintiff a specified sum to be paid with-
in a specified time, was not a change of the cause of action. The
cause of action alleged in the amended complaint was a sale and
not a consignment on commission.

6. SAME—PARTIES—PARTNERSHIP.

Where an action was brought against a partnership under the proper
partnership name and against one partner who was served with sum-
mons, an amendment setting forth the name of another partner and
making him a party to the action was not a change of the cause of
action by changing the parties to the contract sued on, where the
partnership named in the amendment and the contract sued on were
the same as those named in the original.

7. PRACTICE—APPEARANCE.

Where a party defendant who was not served with summons voluntarily
appeared and applied for a change of venue to another county and
moved to strike out an amended complaint without limiting his ap-
pearance in either motion, he entered a general appearance to the
action and became as completely subject to the jurisdiction of the
court as if he had been personally served with summons.

8. PRACTICE—DEFAULT—JUDGMENT.

Where an action was brought upon an agreement to pay a specified sum
and the time fixed for answer expired and none was made, it was
proper not only to enter defendant's default but also at same time
to enter final judgment.

*Appeal from the District Court of Mesa County.*

Mr. J. S. CARNAHAN, for appellants.

Mr. SAMUEL G. McMULLIN, for appellee.

THOMSON, J.

This action was brought against O. E. Adamson & Com-
pany, a copartnership, the members of which, according to the
original complaint, were W. M. Van Buren and O. E. Adam-
son, to recover the price of apples sold to the firm by the
plaintiff, W. H. Bergen, and by certain other persons, who,

prior to the commencement of the suit, assigned their claims to him. It appearing that Van Buren was not a member of the firm, the action was dismissed as to him, and an amended complaint filed, setting forth substantially the same cause of action against Adamson alone, and averring that he did dismiss in the name of O. E. Adamson & Company. A second amended complaint was filed, which does not require special attention. It stated the same cause of action in changed phraseology. An answer made by Adamson to this complaint disclosed the fact that the firm of O. E. Adamson & Company was composed of O. E. Adamson and E. E. Miller. The plaintiff thereupon obtained leave to amend again, and filed his third amended complaint, alleging that the members of the firm were O. E. Adamson and E. E. Miller, but making no material change in the previous statement of the cause of action. A stipulation was then entered into between the plaintiff and the defendants Adamson and Miller, giving time to them in which to file a plea or motion in the case. At the expiration of the time mentioned in the stipulation, Adamson and Miller moved the court for a change of the place of trial of the cause to Arapahoe county, on the ground that Adamson was a resident of Arapahoe county, that service of summons was had upon him in that county, and that Miller was not within the state. The motion was supported by the affidavit of the attorney of Adamson and Miller. The motion was denied. Afterwards, the defendants Adamson and Miller moved the court for an order striking out the third amended complaint, for the reason that it stated a cause of action different from that set forth in the first complaint. This motion was also denied, and the defendants ordered to answer within forty-eight hours. The defendants having failed to answer as ordered, a default was entered against them. Afterwards judgment was entered upon the default for $438.15, and the defendants appealed.

Errors are assigned to the rulings denying the application for a change of venue and the motion to strike out the third

amended complaint, to the order allowing the plaintiff forty-eight hours in which to answer, and to the final judgment.

Section 27 of the code provides for the trial of actions in the county in which the defendants or any of them may reside at the commencement of the suit, or in the county in which the plaintiff resides when service upon the defendant is made in such county. This application for a change showed that the defendant Adamson resided in Arapahoe county, and the return upon the summons showed that he was served in Arapahoe county; but the application did not show that the defendant Miller was a resident of Arapahoe county, or that he was not a resident of Mesa county, the county in which the suit was commenced and final judgment rendered. That Adamson resided in Arapahoe county was not enough, and, if Miller resided in Mesa county, was wholly immaterial. It was shown that Miller was not in the state at the time the motion was made; but that Mesa county was the county of his residence when the suit was brought, is entirely consistent with every statement of the application and affidavit. As his residence in the latter county was not controverted, it must, for the purposes of this opinion, be presumed that he resided there, and that, consequently, the suit was brought in the proper county.

But there is another reason why the application was properly denied. The first complaint alleged a sale of the apples to O. E. Adamson & Company; the last complaint set forth facts which, as we shall see hereafter, amounted to a sale; and in all the complaints it was alleged that the transaction was had, and the apples delivered, in Mesa county. The same code section to which we have referred, further provides that actions for goods sold and delivered may be tried in the county where the goods were sold. The application for a change did not deny that these apples were sold to the defendants in Mesa county.

An application to change the trial of a cause from one county to another, should negative every hypothesis in favor of the county in which the action was commenced. Unless

there should be a disclosure of something to the contrary, it will be presumed that the county in which the suit was brought is the proper county for trial; and we commence the consideration of an application for a change of venue with the assumption of the existence of the necessary conditions requiring the retention of the case in that county, except in so far as the contrary may appear from the application.

This suit was brought against a copartnership. In the beginning, the plaintiff was in error as to the membership of the firm; but, upon being advised by an answer made by Adamson, as to the real parties composing it, he amended his complaint, and for the first time named Miller as one of the partners. The ground of the motion to strike out the third amended complaint was that the cause of action it stated was not the cause of action set forth originally; and the language of the assignment of error is "that it was an unwarranted change of the cause of action." The first complaint alleged a sale of the apples to the partnership. The others, and particularly the third amended complaint, alleged a delivery of the apples to the partnership to be sold by it; the partnership guaranteeing to the vendors a specified sum for the apples, free of expense to them, which sum the partnership promised to pay to them within sixty days from the time of delivery. The argument for the defendants is that the amended allegations changed the transaction from a sale to a consignment on commission, and that hence the two causes of action were not the same. We think counsel has misapprehended the effect of the language. The apples were not taken to be sold on commission. They were delivered to be sold, but with the sales which might be made, the parties delivering the apples had no manner of concern. They were to be paid by the partnership for their apples a fixed price at a fixed time. The apples were delivered to the defendants upon the promise to pay the vendors a sum certain within sixty days. The vendors could not in any contingency reclaim the property, or assert any right in it,

because they had delivered it in consideration of the price which the firm agreed to pay them. Whatever the firm might sell it for above the price it had agreed to pay, was profit, and not commission ; and the price was payable whether it sold the apples or not. We think the transaction described in the third amended complaint was a sale, and that there was no substantial disagreement between the averments of the first complaint and the last. *Lemp v. Ryus*, 7 Colo. App. 37.

It is also urged that the effect of the amendment bringing in Miller as a member of the partnership, was to set forth a new cause of action, because it changed the parties to the contract. Our reading of the pleadings does not accord with that of counsel. As they present the transaction, the contract was made with O. E. Adamson & Company. O. E. Adamson & Company bought the apples. O. E. Adamson & Company agreed to pay for the apples, and the suit was brought against O. E. Adamson & Company. By the first complaint and by the last, the transaction was between the vendors of the apples, and O. E. Adamson & Company, and there was, therefore, no change of parties to the contract. By serving the summons upon Adamson, the partnership was brought into court; and, so far as the proceeding against the partnership was concerned, it was immaterial what the name of the other member was. Mills' Ann. Code, sec. 14 ; *Dessauer v. Koppin*, 3 Colo. App. 115. The amendment simply set forth the names of both partners instead of one ; but the contract it described was, as to both parties and subject-matter, the same contract upon which the suit was brought.

It is assigned that the court erred in ruling the defendants to answer in forty-eight hours, because Miller was not within the jurisdiction of the court, and because the time allowed was unreasonable. In a suit against a partnership, by the code provision to which we have referred, summons may be served on one or more of the members of the firm, and the judgment will bind the partnership property, and the separate

property of the persons served. Summons was served on Adamson, but not on Miller. For the purpose of an order affecting the partnership, service upon Miller was not required; and hence it was unnecessary that he should be personally within the jurisdiction of the court. But he voluntarily brought himself within such jurisdiction. He entered into a stipulation with the plaintiff by which he obtained time to plead or move, and this stipulation was filed in the cause. Within the time limited in the stipulation, he interposed a motion for a change of the place of trial of the action on the ground that he was entitled to a trial in Arapahoe county, and he afterwards moved the court to strike out the amended complaint, because, as he averred, it changed the cause of action. In neither motion was there a limitation upon his appearance. He thus entered a general appearance to the action, and became as completely subject to the jurisdiction of the court as if he had been personally served with process. *Flake v. Carson*, 33 Ill. 518; *Maholm v. Marshall*, 29 Ohio St. 611; *Carter v. Tallant*, 51 Kan. 516; *Welch v. Ayres*, 43 Neb. 326; *Clark v. Blackwell*, 4 Greene (Iowa), 441.

Whether the time allowed for answer was unreasonable, there is nothing in the record to advise us. The case was commenced on the 11th day of April, 1896, and the other giving time to answer was entered on the 21st day of March, 1898. O. E. Adamson & Company, as is evident from the numerous motions and objections they interposed during that period, were entirely familiar with the case, and, we should suppose, were as well prepared to make answer in forty-eight hours as they would have been in forty-eight days.

It is said that the court had no authority to enter judgment by default. The time for answer had expired and none had been made. The defendants were therefore in default; and, the suit being upon an agreement to pay a specified sum at a specified time, so that the amount due was readily ascertainable from the complaint, and the agreement being admitted by the default, it was proper not only to en-

ter the default, but also at the same time to enter final judgment. *Thomas v. Bank*, 11 Colo. 511. The judgment was regularly entered, and it seems to have been for the proper amount. We find nothing in the record to warrant a reversal of the judgment, and it is therefore affirmed.

*Affirmed.*