[No. 5531.]

[No. 3206 C. A.]

## BALES v. CANNON.

1. **Appellate Practice—Waiver of Error by Insufficient Discussion.**

Where no law or authority is cited, and no reasons advanced to show that a motion for change of venue should have been granted, the question will not be determined on appeal.— P. 278.

2. **Venue—Change—Statutory Construction.**

Section 27, Mills' Ann. Code, provides that action shall. be tried in the county in which the contract was to be performed. Held, that, notwithstanding this provision, an action on a contract to be performed in a certain county may be tried in the county of defendant's residence at the commencement of. the action, or in that of plaintiff's residence when service is made on the defendant therein, although performance was to be elsewhere, and in such case defendant does not have an absolute right to a change of venue to the county where the contract was to be performed.—P. 278.

3. .**Executors and Administrators—Money Received—Pleading— Complaint—Demurrer—Effect of Partnership.**

A complaint alleged that in 1902 defendant's intestate and plaintiff agreed that the profits and accounts then outstanding and to accrue until a certain date on the business of an incorporated company, the capital stock of which was principally owned by them, should belong to them in equal parts; that such profits amounted to a specified sum, consisting largely of accounts due from various parties; that defendant's intestate died in February, 1904; that in March following defendant was appointed administratrix of his estate; that thereafter certain specified accounts of those mentioned were paid her; that plaintiff has collected of such accounts a certain specified sum; and judgment was prayed for a sum, which, according to the terms of the contract and the respective sums collected, it appeared

defendant was owing plaintiff. Defendant demurred to the complaint on the ground that it was ambiguous, unintelligible and uncertain, and did not state facts sufficient to constitute a cause of action, and alleged various grounds in support thereof, but not that the complaint did not show whether defendant was sued in her individual or representative capacity. Held, that the complaint showed that defendant had received money, which, by virtue of the contract between plaintiff and the deceased, plaintiff is entitled to, and that it was sufficient as against the demurrer; and that there was no merit in the contention that the action cannot be maintained because it appears that the accounts collected were partnership accounts, and so would require an accounting; for, if the accounts collected were partnership funds, defendant had no right to them either in her representative or individual capacity; and, if there was no partnership, by collecting in either capacity more than the share belonging to her intestate under the contract, defendant received money which should have been paid to plaintiff.—P. 279.

*Appeal from the District Court of the City and County of Denver.*

*Hon. Samuel L. Carpenter, Judge.*

Action by D. A. Cannon against Ophelia C. Bales. From a judgment for plaintiff, defendant appeals.                                      *Affirmed.*

Mr. H. P. VORIES, for appellant.

Mr. JAS. F. CALLBREATH, Jr., for appellee.

The complaint filed by appellee, plaintiff in the court below, stated, in substance, that, in September, 1902, W. C. Bales, now deceased, and himself, entered into a contract whereby it was agreed between them that the profits and outstanding accounts due The Colorado Coal and Coke Company, a corporation, on the first day of May, 1903, and all profits from that date until the first of September following, upon the business of that corporation, the capital stock of which was principally owned by them, should belong to them in equal parts; that such profits amounted to a specified sum, consisting

largely of accounts due from various parties; that
W. C. Bales departed this life in February, 1904;
that March following, the defendant, appellant here,
was appointed administratrix of his estate; that
thereafter certain of the above accounts were paid
to her, namely, $171.25 by The Hughes Coal Com-
pany, and $703.00 by The Missouri Pacific Railroad
Company, and that plaintiff has collected, of such
accounts, the sum of $23.42. Judgment was prayed
for plaintiff in a sum which, according to the terms
of the contract mentioned and the respective sums
collected, it appeared defendant was owing him.

Defendant filed a motion to change the place of
trial to the district court of Pueblo county. In sup-
port of this motion, affidavits were filed in which it
was stated that defendant was a resident of Pueblo
county, and that the contract mentioned in the com-
plaint was to be performed in that county. This mo-
tion was denied. Thereafter, defendant demurred
to the complaint, first, upon the ground that it was
ambiguous, unintelligible and uncertain, for reasons
which will be considered in the opinion; and, second,
that it did not state facts sufficient to constitute a
cause of action. This demurrer was overruled. De-
fendant elected to stand thereon, and judgment was
rendered against her as prayed in the complaint,
from which she appeals. The errors assigned are,
the overruling of the motion to change the place of
trial, and overruling the demurrer.

Mr. JUSTICE GABBERT delivered the opinion of
the court:

In support of the contention of counsel for de-
fendant that the court erred in overruling the mo-
tion for change of venue, it is said, in substance, that
it is not deemed necessary to cite authorities, for
the reason that the showing made in support of the

motion clearly entitled defendant to a change of venue. The section of the code relied upon is not pointed out, nor any reasons advanced why the motion should have been sustained. On an argument of that character, we will not undertake to determine the question. Besides, it does not appear from the affidavits supporting the motion, or from the transcript, where defendant was served with summons; neither is any suggestion made with respect to the residence of plaintiff. If § 27 of the code is regarded as applicable, we call the attention of counsel to *Reed v. First Nat'l Bank,* 23 Colo. 380; *Brewer v. Gordon,* 27 Colo. 111, and *D. & R. G. R. R. Co. v. Cahill,* 8 Colo. App. 158.

By these cases it is decided that the provision of § 27 of the code, that suit may be brought on a contract where it is to be performed, does not give the defendant, if served with summons elsewhere, an absolute right to a change of venue to the county in which it is to be performed; for, notwithstanding this provision, an action on such contract may be tried in the county in which the defendant resides at the commencement of the action, or in the county where the plaintiff resides when service is made on the defendant in such county.

In support of the special demurrer, it is claimed that it does not appear, from the complaint, that the money alleged to have been collected by the appellant was collected under the terms of the contract mentioned; that it does not appear that any profits accrued to deceased under that contract; that it does not appear that the money collected by defendant was from parties owing The Colorado Coal and Coke Company, and that it is not shown whether the moneys were collected by defendant as administratrix, or in her individual capacity. With respect to the last objection raised, if there is any merit in

it, it would be upon the ground that it did not appear from the complaint whether she was sued in her individual or representative capacity. That question was not raised by any reason assigned in support of the special demurrer, and, besides, as will appear later, we do not think it is material.

With respect to the other objections urged, we think it is sufficient to say that it appears, from the averments of the complaint, that the defendant has received money which, by virtue of the contract between plaintiff and the deceased, plaintiff is entitled to.

It is also urged that the action cannot be maintained, because it appears that the accounts collected by the defendant were partnership accounts, and that the rights of the parties to this action can only be determined in a suit for an accounting. There is no merit in this contention. If, as contended by counsel for defendant, there was a partnership between plaintiff and the deceased Bales with respect to the accounts collected by defendant, then she had no right thereto, either in her representative or individual capacity. On the contrary, they should have been paid to the plaintiff. If, on the other hand, there was no partnership, then defendant, by collecting either in her individual or representative capacity, more than the share which belonged to the deceased Bales, under the terms of the contract mentioned in the complaint, has received money which she should have paid to plaintiff. Whichever view is taken, it appears from the averments of the complaint that the defendant has in her hands money which she should pay over to the plaintiff, to the amount for which judgment was rendered, and it is accordingly affirmed.                    *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE CAMPBELL concur.