# Richmond

## BECKIE COOPER v. ABE GREENBERG.

November 27, 1950.

Record No. 3702.

Present, Hudgins, C. J., and Gregory, Eggleston, Buchanan and Miller, JJ.

The opinion states the case.

*Bertram S. Nusbaum* and *James G. Martin*, for the plaintiff in error.

*Bangel, Bangel & Bangel*, for the defendant in error.

EGGLESTON, J., delivered the opinion of the court.

On February 25, 1948, H. & L. Corporation, trading as Suburban Delicatessen, through David Levin, its president, executed and delivered to L. Greenberg its promissory note

in the sum of $3,500, payable in one hundred weekly install-
ments, the first of which was due on the following April 5.
The note was also signed by David Levin, Beckie Cooper
and Abe Greenberg as comakers, all of whom by its terms,
were "jointly and severally" bound to the holder. The
makers likewise agreed, upon default, to pay the cost of
collection, including an attorney's fee of 10% if incurred.

At the time of the execution of the note David Levin and
Abe Greenberg were the principal officers and stockholders
of the corporation. All of the interested parties are related
or connected by marriage. David Levin is the son of Beckie
Cooper, while Abe Greenberg is her son-in-law. L. Green-
berg, the holder of the note, is the father of Abe Greenberg.
At the time the note came due the corporation had become
insolvent and L. Greenberg, the holder, exacted the full pay-
ment with interest and costs from Beckie Cooper, one of
the comakers.

Shortly thereafter Beckie Cooper instituted the present
action at law against Abe Greenberg, alleging that she had
signed the note merely as an accommodation maker and as
such was entitled to full exoneration at the hands of the
comakers, David Levin and Abe Greenberg; and that in-
asmuch as Levin was insolvent and had left the jurisdiction,
she, the plaintiff, was entitled to recover of Abe Greenberg,
the full amount of the debt which she had been compelled
to pay.

After Abe Greenberg had filed a plea of the general issue
the matter was heard by the court without a jury. It ad-
judged that Beckie Cooper, Abe Greenberg and David Levin
were all accommodation makers of the note and that in the
present action Beckie Cooper, the plaintiff, was entitled to
recover of Abe Greenberg, by way of contribution, one-
third of the amount of the debt which the plaintiff had been
compelled to pay to the holder thereof, with interest.

To this judgment the plaintiff excepted and upon her
petition the present writ of error has been allowed. For

convenience the parties will be referred to according to the positions which they occupied in the court below.

The first contention of the plaintiff is that since Abe Greenberg and David Levin were the officers and principal stockholders of the corporation, and were interested in its continuation and financial success, they were not accommodation makers of the note, while she, on the other hand, having no interest in the corporation, was a pure accommodation endorser and was therefore entitled to full exoneration from the two officers of the corporation for whose benefit the note was made.

The Negotiable Instruments Law (Code, sec. 6-381) defines "an accommodation party" as "one who has signed the instrument as maker, drawer, acceptor, or indorser without receiving value therefor and for the purpose of lending his name to some other person."

Daniel on Negotiable Instruments, 7th Ed., Vol. 1, sec. 216, p. 277, defines "an accommodation bill or note" as "one to which the accommodating party has put his name, without consideration, for the purpose of accommodating some other party who is to use it and is expected to pay it."

Whether an officer, or stockholder, who signs as comaker or endorses a corporation's note for the purpose of lending his credit to the corporation, is an accommodation party is a subject on which the authorities are not in accord. See Fletcher Cyclopedia, Corporations, Perm. Ed., Vol. 13, sec. 5745, p. 51; 11 C. J. S., Bills and Notes, sec. 742-a, p. 297.

Some courts take the view that the interest which the officer, director or stockholder has in procuring the loan for corporate purposes is a sufficient consideration to remove him from the status of an accommodation party. See *Reed v. First Nat. Bank*, 23 Colo. 380, 48 P. 507; *Commercial Inv. Co. v. Graves* (Tex. Civ. App.), 132 S. W. (2d) 439, 443.

For the opposite view, see *Houser v. Fayssoux*, 168 N. C. 1, 83 S. E. 692, Ann. Cas. 1917B, 835; *Rommel Bros. v.*

*Clark*, 255 Ky. 554, 74 S..W. (2d) 933; *Goldstein* v. *Brastone Corp.*, 254 App. Div. 288, 4 N. Y. S. (2d) 909; *Sinkey* v. *Steffens*, 126 Ohio St. 66, 183 N. E. 866.

But here the determination as to whether Levin and Greenberg were accommodation makers of the note does not depend upon their mere relation to or interest in the corporation. It is well settled that the rights and liabilities of comakers, as between themselves, depend on the terms of their contract which may be proved by parol evidence. *Houston* v. *Bain*, 170 Va. 378, 391, 196 S. E. 657, 662; 10 C. J. S., Bills and Notes, sec. 37-f, p. 465 *ff*; 11 C. J. S., Bills and Notes, sec. 675, p. 140.

The evidence here clearly shows that it was agreed at the time of the execution of the note that the three individuals, David Levin, Abe Greenberg and Beckie Cooper, were to sign as accommodation makers. Sidney Siegel, the attorney who prepared the note and attended to its execution and the procuring of the loan from L. Greenberg for the benefit of the corporation, so testified. He said that Abe Greenberg did not actually sign the note until after it had become due and then did so because it "carried into effect his promise to be an accommodation maker for the corporation." All three individuals, he said, signed as accommodation makers.

Since both the plaintiff and the defendant were accommodation makers of the note, the plaintiff cannot prevail in her contention that she is entitled to full exoneration from the defendant.

In the absence of an agreement to the contrary, accommodation makers of a promissory note are presumed to be cosureties, and as such they are liable for contribution to the one of their number discharging the obligation. 3 Michie's Jurisprudence, Bills, etc., sec. 172, pp. 359, 360; *Stovall* v. *Border Grange Bank*, 78 Va. 188, 193, 195; *Huffman* v. *Manley*, 83 W. Va. 503, 98 S. E. 613; 11 C. J. S., Bills and Notes, sec. 756, p. 342.

This brings us to the consideration of the measure of contribution which the plaintiff is entitled to exact of the de-

fendant in the present action at law. While the plaintiff alleged that David Levin, one of the comakers, is insolvent, the proof falls far short of this. But inasmuch as the evidence does show that Levin was at the time of the institution of the present action a nonresident, his insolvency, as we shall presently see, is not a determinative factor.

The plaintiff insists that since Levin is a nonresident she is entitled to recover from Abe Greenberg, the other comaker, in this suit, one-half of the amount which she was compelled to pay, with interest. The defendant, Greenberg, insists that the lower court correctly held that in the present action at law he can be compelled to contribute only one-third of what the plaintiff has paid, with interest.

"The right of one surety to call upon his cosurety for contribution arises from a principle of equity growing out of the relation which the parties have assumed towards each other; the equity springs up at the time of entering into that relation, and is fully consummated when the surety is compelled to pay the debt." *Houston* v. *Bain, supra* (170 Va., at page 390, 196 S. E., at page 662). See also, *Wayland* v. *Tucker*, 4 Gratt. (45 Va.) 267, 268, 50 Am. Dec. 76.

The enforcement of contribution originally belonged to courts of equity on general principles of justice. While the jurisdiction to proceed in courts of law to enforce contribution is well recognized in some cases, equity retains its original jurisdiction, especially where the relief in a court of law is inadequate. *Wayland* v. *Tucker, supra.*

But there is a well-recognized difference in the measure of contribution which is applied at law and in equity.

In actions at law, according to the great weight of authority, contribution can be enforced only for the aliquot share of each co-obligor, and the insolvency or nonresidence of a co-obligor does not exclude him from consideration in computing the amount or proportion to be contributed by each of the others. In equity, on the other hand, contribution will be decreed equally among all the solvent co-obligors within the jurisdiction. See Williston on Contracts, Rev.

Ed., Vol. 2, sec. 345, pp. 1022, 1023; *Id.*, Vol. 4, sec. 1277, pp. 3644-3646; Restatement of the Law, Restitution, sec. 85, pp. 384, 385; 13 Am. Jur., Contribution, sec. 28, pp. 27, 28; *Id.*, sec. 29, p. 29; 18 C. J. S., Contribution, sec. 6-b, pp. 10, 11; Pomeroy's Equity Jurisprudence, 5th Ed., Vol. 4, sec. 1418, p. 1072.

In Williston on Contracts, Rev. Ed., Vol. 4, sec. 1277, pp. 3644, 3645, the author says: "At law * * * the plaintiff can generally recover but an aliquot share from a cosurety, irrespective of the insolvency or nonresidence of the other sureties, and each cosurety from whom contribution is claimed must be sued separately. In equity, however, insolvent sureties and those residing outside the jurisdiction, are not considered in the calculation."

In Restatement of the Law, Restitution, sec. 85, p. 384, this is said:

*"Proportionate share where one is unable to contribute.* If one or more of a number of co-obligors or cosureties should become insolvent or leave the jurisdiction, one of the others who makes a payment is entitled by a proceeding in equity to have contribution from the others as if the insolvent or absent persons had originally not participated. * * * In such suit the payor must join all available and solvent persons each of whom is required to pay only his proportionate share * * *.

"In actions at law, the original proportions are preserved in spite of such subsequent change. For this reason the remedy at law is inadequate and equity has jurisdiction."[1]

The difference in the measure of contribution recoverable in actions at law and suits in equity was recognized by this

---

[1] The latter authority (at page 385) uses this illustration of the application of the enunciated principles:

"12. A, B, C, D, and E are sureties for F upon a debt of $15,000 due G. The debt is not paid at maturity and A pays the entire amount. D becomes insolvent and E leaves the jurisdiction, being unavailable. In an action at law A is entitled to recover only $3,000 each from B and C. A is entitled to maintain a bill in equity by which he can recover $5,000 each from B and C."

court in *Tarr* v. *Ravenscroft*, 12 Gratt. (53 Va.) 642, 652, where it was said: "Thus, if one of several sureties be insolvent, and another pays the debt, he can at law recover from the other solvent sureties only their original quotas without regard to the share of the insolvent surety. (Citing cases.) But in equity the share of the insolvent surety will be apportioned amongst those who are solvent." (Citing cases.) See also, *Robertson* v. *Trigg*, 32 Gratt. (73 Va.) 76, 79, 81.

■ The basis of the distinction between the measure of recovery in the two types of proceedings seems to be both substantive and procedural. An action at law for contribution proceeds upon the implied contract between the sureties, arising at the time of the creation of the original debt, that each will pay his aliquot share thereof. At law, it is reasoned, there is no implied contract for the future effects of insolvency or nonresidence of one or more of the sureties. *Trego* v. *Cunningham*, 267 Ill. 367, 108 N. E. 350.

Contribution in a court of equity proceeds upon the application of the fundamental rule that equality is equity, and that if one of the sureties is insolvent or beyond the jurisdiction, the loss will be apportioned among the solvent and available sureties. *Trego* v. *Cunningham, supra.*

If payments are made individually by several co-obligors they are not entitled to maintain a joint action at law for contribution against other co-obligors. But in equity the payors may join in one proceeding against the others. Restatement of the Law, Restitution, sec. 81, p. 367; 18 C. J. S., Contribution, sec. 13, p. 23.

■ At law a joint action for contribution cannot be maintained against several co-obligors. The claim is several and each must be proceeded against separately. But in a suit for contribution in equity all the other solvent co-obligors within the jurisdiction should be joined. 18 C. J. S., Contribution, sec. 13-c, p. 23; Restatement of the Law, Restitution, sec. 85, p. 384.

While the soundness of the distinction drawn by the foregoing rules between actions at law and suits in equity has

been questioned and denied in a few jurisdictions (13 Am. Jur., Contribution, sec. 28, p. 28); it is recognized by the modern textwriters and is applied in the great majority of the jurisdictions.[2]

In this State we adhere to the distinction between actions at law and proceedings in equity and recognize the difference between the two, particularly as to the adequacy of the remedy to be afforded. Inasmuch as the plaintiff has invoked the former jurisdiction and followed that course to the end, it follows from what has been said that the judgment of the lower court, which limited her recovery of the defendant to one-third of the amount of the debt which she paid, with interest, is plainly right.

Accordingly, the judgment is

*Affirmed.*

---

[2] See Annotation, 64 A. L. R. 213, for collection of numerous cases.