### KNIGHT v. WEEKS et al.

(Circuit Court of Appeals, Fifth Circuit. May 20, 1902.)

SURETIES—CONTRIBUTION—ENFORCEMENT OF EXECUTION AGAINST CO-SURETY.

Under Rev. St. Fla. § 983, which provides that co-sureties shall be bound to each other for a proportional contribution, and section 1177, which provides that any one who has paid money as a surety shall have the right to control the judgment, a surety who has paid a judgment at law after execution issued has the right to cause such execution to be levied on property of a co-surety, who is also a judgment defendant, and to enforce payment of his proportional share; and the court cannot arrest the execution on a petition of such co-surety setting up prior equities between the parties, which it is the sole provision of a court of equity to determine.

In Error to the Circuit Court of the United States for the Southern District of Florida.

H. L. Anderson, for plaintiff in error.

G. C. Martin, for defendants in error.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PER CURIAM. The transcript in this case embraces the opinion of the judge of the circuit court, as announced on the hearing of the motion to stay execution, as follows:

"On the 9th day of April, 1900, the Gulf Transportation Company, a corporation under the laws of the state of Florida, made two certain promissory notes in the sum of fifteen hundred ($1,500.00) dollars each, and delivered the same to the Brunswick & Hawkinsville Transportation Company, a corporation under the laws of the State of Georgia, but before the delivery of the same R. J. Knight, E. P. Rose, J. S. Weeks, Sr., and J. S. Weeks, Jr., and L. P. Weeks, doing business as J. S. Weeks & Sons, and G. W. Varn, indorsed the said promissory notes. Afterwards judgment was entered against the above-named persons in the circuit court of the United States for the Southern district of the state of Florida, and execution thereon issued in the sum of three thousand five hundred and thirty and $^{50}/_{100}$ ($3,530.50) dollars, and the said execution was levied upon certain lands and property in said district belonging to the defendants Weeks and Varn, and the same was advertised by the marshal of the said district for sale. Before the day of the said sale so advertised, certain of the defendants,—E. P. Rose, J. S. Weeks & Sons, and G. W. Varn,—paid to the Brunswick & Hawkinsville Transportation Company and its attorneys the full amount of the principal and interest of the said execution, and, instead of having the said execution satisfied of record, and returned into the office of the clerk of this court, procured from the Brunswick & Hawkinsville Transportation Company an alleged assignment of said execution to one Lazarus B. Varn. After having procured the alleged assignment of said execution, the defendants Rose, Weeks & Sons, and G. W. Varn procured the marshal of the said district to make a levy upon the property belonging to Robert J. Knight and J. B. Martin as copartners under the firm name of J. B. Martin & Co. It is admitted that the payment and assignment was made for the purpose of holding the judgment in force in order to recover from R. J. Knight, the fourth surety, one-quarter part of the judgment recovered, under sections 1177 and 983 of the Revised Statutes of Florida. The petitioner herein does not deny that he is a codefendant and co-surety, and owes his share of the judgment, but claims that, as the co-debtors have advanced the money and paid the same in full, it should be satisfied of record, and he not held to pay his share in this proceeding.

"Section 983 of the Revised Statutes of Florida provides that co-sureties shall be bound to each other for a proportional contribution, and, if one is compelled to pay the debt, he shall have his remedy against his co-surety; and section 1177, Id., provides that any one who has paid money as a surety shall have a right to control the said judgment. These principles seem to determine the questions presented, and the court cannot consider in this motion for a stay of execution the matters set up in the petition, which are irrelevant and immaterial to that issue, although they might be urged in a chancery suit. This court, as a common-law court, has no power to go back of the judgment and make inquiry as to the relations and equities existing between the parties prior thereto. This is especially the privilege of a court of equity. It will therefore be ordered that upon payment of the petitioner's contributory portion of the judgment further enforcement of the execution be stayed, otherwise to be enforced to the extent of that amount."

On a careful examination of the record and on consideration of the briefs submitted in this court, we find no reason to dissent from the views expressed by the trial judge as above given. The judgment of the circuit court is therefore affirmed.