ALLEN, Judge.
Appellant, guarantor on a note, appeals an order denying his motion to stay execution and sale pursuant to a judgment obtained under Fla.Stat. 46.11, F.S.A., against the maker of the promissory note and against appellant and a co-guarantor, ap-pellee Giuliani, and subsequently “assigned” to Giuliani for a consideration apparently approximating the unrecovered balance of the judgment.
Faye Miller, payee on a note from the Vista Corporation obtained a judgment against the corporation and against appellant Freed and appellee Giuliani as endorsers and guarantors on the note. In conse-, quence of execution upon the $11,976.56 judgment, Faye Miller collected $538.42 and succeeded in attaching 100 shares of Sperry Rand Corporation warrants and 4000 shares of Insight, Inc. common stock, the property of the appellant. With a sheriff’s sale of the 100 warrants pending, Faye Miller “assigned” the judgment to appellee Giuliani; reserving to herself the proceeds of the pending sale. Apparently (the record here is inconclusive) the consideration of $10,-638.54 recited in the assignment represented the unrecovered balance due under the judgment.
After talcing the assignment, appellee Giuliani caused notice of a sheriff’s sale of the 4000 shares of Insight, Inc. stock to be published, whereupon appellant moved to stay execution and sale on the theory that the payment from the co-debtor Giuliani to Mrs. Miller constituted satisfaction of the judgment and precluded execution thereunder. Denial of the motion to stay is here appealed.
It is apparent from the portions of the record included in the appendices that the lower court’s decision turned, if not entirely, at least in large part upon a construction and interpretation of the third paragraph of Fla.Stat. 46.11, F.S.A., which provides:
“In every case where a final judgment authorized by the provisions of this section is paid by one or more defendants who are responsible only in the capacity of endorser, surety, guarantor, or otherwise secondarily liable, the holders of such judgment shall, upon request, transfer and assign such judgment to the defendants so paying the same, and such defendants shall be entitled to all the rights and rem *236 edies of the original plaintiff in such judgment or under execution thereon to enforce the collection of the same from the defendants who are liable as makers of the instruments sued upon.”
Appellee urged and the lower court apparently adopted the view that the aforequoted statutory provision permitted the appellee to execute upon the judgment “assigned” him by Mrs. Miller.
By its terms, the statute vests “defendants who are responsible only in the capacity of endorser, surety, guarantor or otherwise secondarily liable * * * ” with a means of recourse against “defendants who are liable as makers.” The rights assigned under the statutory scheme are those “of the original plaintiff.” In effect the statute merely codifies and permits application at law of one facet of the principle of subrogation recognized in equity. See North v. Albee, 1945, 155 Fla. 515, 20 So.2d 682, 157 A.L.R. 490. However, while equity recognizes subrogation as a surety or guarantor’s remedy against either his principal or a co-surety, the terms of the statute limit the remedy to recovery from the principal. This limitation is evidenced in the statute’s provision that the assignee accede to “all the rights and remedies of the original plaintiff” and the provision that these be available to force collection from “makers of the instruments sued upon. * * * ” Quite obviously the right of contribution enforceable at law under Fla. Stat. 45.05, F.S.A., or in equity through sub-rogation is distinct from the “rights * * of the original plaintiff.” The distinction drawn between “makers” and “all other persons who * * * endorsed [or], guaranteed * * * ” in the initial sentence of the statute precludes the conclusion urged by appellee that “makers” as used in the concluding sentence comprehends endorsers or guarantors. We deem it unnecessary to discuss cases cited by appellee which group both principals and pre-delivery guarantors as “makers,” since those cases, arising in distinct contexts, do not affect the clear distinction drawn in the statute for purposes of the statute.
In view of the foregoing it is clear that the statute cannot be urged as justification for the remedy sought by appellee Giuliani. The paragraph of the statute relied upon does not purport to provide a means of adjusting the rights of co-guarantors and cannot be invoked for that purpose.
We are not unmindful of the contrary decision involving significantly similar earlier statutes in Knight v. Weeks, 115 F. 970 (5th Cir. 1902). In that case Sections 983 and 1177, Revised Statutes of Florida, 1892, the precursors of Fla.Stats. 45.05 and 46.11, F.S.A., were construed together to permit a co-surety to effect contribution by receiving and executing upon an assignment of judgment. The effect of this decision— and of the apparently similar construction appellee argues in the instant case — is to create a remedy under Section 1177—or Fla.Stat. 46.11, F.S.A.—distinct from and in addition to that expressly provided. Arguably this remedies an unfortunate legislative oversight, but for this very reason the result and rationale are unpersuasive.
In view of the misapprehension of controlling law apparent in the partial record of proceedings in the lower court and notwithstanding a possibility that the order appealed might be affirmed on the basis of facts and principles not briefed and argued here nor, apparently, fully explored below, we deem it appropriate to reverse the appealed order and remand the cause for further consideration in light of our determination that the concluding provision of Fla.Stat. 46.11, F.S.A., is inapplicable and in terms of such other principles as may be found applicable. See e. g. Annots. 157 A.L.R. 490 (1945), 71 A.L.R. 300 (1931); 10 C.J.S. Bills and Notes § 472e (1938 supp. 1963).
Reversed and remanded.
SMITH, C. J., and WHITE, J., concur.