KEHOE, Judge.
The defendant, Edward M. Hanrahan, seeks review of an amended summary judgment in favor of the plaintiff, Daniel 0. Barry, in an action for contribution stemming from promissory notes on which the parties were co-guarantors.
In entering summary judgment for the plaintiff, the trial judge refused to accept the defendant’s tardy affidavit and untimely answers to plaintiff’s request for admissions. The court stated that, defendant having failed to timely respond to the request for admissions, each matter therein was deemed admitted and thus conclusively established under Florida Rule of Civil Procedure 1.370. Therefore, it ruled that there was no genuine issue of material fact and that plaintiff was entitled to judgment as a matter of law.
Among the matters deemed admitted as a result of defendant’s failure to timely file answers to plaintiff’s request for admissions was the following:
“That by virtue of the guaranty of said note by [defendant] and the payment of the note on demand by [plaintiff], [defendant] owes [plaintiff] 50% of the principal and interest paid thereon by [plaintiff].”
In reliance on this admission, the trial judge awarded plaintiff the full amount of damages sought in his complaint, one half of the principal and interest paid on the notes by the plaintiff.
Under the circumstances and facts as they were presented to the trial judge, we rule that he did not abuse his discretion in refusing to accept the defendant’s late answer to request for admissions. However, it appears that a certain crucial fact known to both parties was never brought to the attention of the trial court. This fact renders the amount of damages awarded to the plaintiff incorrect at this stage of the proceedings.
The admission recited above, and on which the trial court based its award of damages, is inaccurate for the reason that there was a third guarantor on the notes. *56 Although the record reflects that neither party brought this fact before the trial court, the notes, copies of which are attached as exhibits to the pleadings, contain the signatures of three guarantors, plaintiff, defendant and another person.
Under this posture of the case, the plaintiff would be entitled only to a one third share from the defendant unless the plaintiff can demonstrate that the third guarantor is insolvent, and the trial judge makes a judicial determination of such insolvency. See generally, Annot. 64 A.L.R. 213 (1929); 38 C.J.S. Guaranty § 115 (1943); 7 Fla.Jur. Contribution § 2 (1956); 18 Am. Jur.2d Contribution § 27 (1965).
Therefore, we reverse the amended summary judgment and remand the cause to the trial court for further proceedings consistent with this opinion.
Reversed and remanded.