462 So.2d 104 (1985)
Brian C. CURTIS and Marsha Curtis, His Wife, Appellants,
v.
Carol J. CICHON and Daniel MacIntyre, Appellees.
No. 84-1017.
District Court of Appeal of Florida, Second District.
January 16, 1985.
*105 Craig P. Moore, St. Petersburg, for appellants.
Joseph H. Chumbley, St. Petersburg, for appellees.
CAMPBELL, Judge.
Appellants seek review of the partial summary judgment limiting their recovery on a note to contribution from appellees according to appellees' percentage of stock ownership in the corporate obligee.
In January, 1982, Bos'n Yacht Brokers, Inc., executed a promissory note in favor of Landmark Union Trust Bank of St. Petersburg, N.A. (Landmark Bank). Bos'n Yacht Brokers, Inc., is owned by the following persons in the percentages indicated:

 Carol Cichon 10% (Appellee)
 Daniel MacIntyre 10% (Appellee)
 Bela Jenks 20%
 Brian C. Curtis 60% (Appellant)

At the time the note was executed, appellees and appellant Brian C. Curtis, together with Bela Jenks, who is bankrupt and not a party to the suit, each executed personal guaranties in favor of Landmark Bank and its heirs and assigns.
On February 7, 1983, Landmark Bank, assigned to "Brian Curtis or Marsha Curtis, without recourse," the bank's interest in the promissory note. At the time of the assignment, the principal balance due on the note was $12,000, together with accumulated interest of $433.64. Bos'n Yacht Brokers, Inc. defaulted on the note and appellants accelerated payment on the note. Appellants thereafter brought suit against appellees seeking collection on the note, together with appellants' cost of collection.
Appellees answered and filed a motion for partial summary judgment which alleged that appellants were only entitled to obtain contribution for payment of the note from appellees in proportion to the benefits each party received. The trial court granted the motion and limited recovery to contribution in the amount of each parties' stock ownership. Appellees were each ordered to pay ten percent of the amount outstanding on the note.
Appellants first argue that the trial court erred by entering the partial summary judgment limiting their recovery to contribution rather than basing their recovery on their status as assignees of the note. We affirm the entry of the partial summary judgment which precluded one guarantor from collecting payment from his co-guarantors for the full amount of the debt owed on the note, thereby avoiding his own percentage of liability. See, e.g., Freed v. Giulani, 164 So.2d 234 (Fla. 2d DCA 1964).
Appellants' second point is that the trial court erred in limiting the contribution by appellees to their percentage of stock ownership. We agree. Appellees' liability arises from the guaranty agreement, not from their status as stockholders. Guarantors are generally presumed to be equally liable for a proportion of the *106 liability on the note guaranteed. See Hanrahan v. Barry, 363 So.2d 54 (Fla. 3d DCA 1978). Here, the guarantees provide for joint and several liability; they do not indicate any intent to apportion the guarantors' liability according to their percentage of stock ownership. Therefore, we reverse on this point.
We also note that when one guarantor becomes insolvent, the remaining guarantors must divide that guarantor's percentage of liability among themselves. See Hanrahan v. Barry.
Therefore, we affirm in part and reverse in part. Absent any evidence of an agreement between the parties limiting their liability, on remand, the trial court should apportion liability equally among the three remaining solvent guarantors.
RYDER, C.J., concurs.
GRIMES, J., concurs and dissents with opinion.
GRIMES, Judge, concurring in part and dissenting in part.
I fully agree that a co-guarantor cannot escape responsibility for his share of the obligation under a promissory note by purchasing the note from the obligee. However, I cannot agree that in a contribution action between each other, the co-guarantors are always equally liable in the absence of an agreement to the contrary.
According to 18 Am.Jur.2d Contribution §§ 24 and 25 (1965):
§ 24. Benefits.

Since the right to contribution is inherently equitable in nature, the rule logically follows that where the co-obligors have received unequal benefits from the common obligation, the portion of the contribution that each must bear is according to the benefit that each has received. While, in the absence of proof to the contrary, it is presumed that all the co-obligors were benefited in equal degree by the consideration received, this presumption is subject to rebuttal by proof that there was actually an inequality of benefits received. Thus, where several persons borrow money jointly but it is established that, individually, they received unequal parts of that money, they are liable to contribute, not equally, but in proportion to the amounts actually received by them. An obligor who has received no benefit will not be forced to contribute. Conversely, parties who received the entire benefit from the principal transaction are required to bear the entire burden and cannot compel contribution from their co-obligors, and their co-obligors cannot have contribution between themselves but only against the parties receiving the whole benefit.
§ 25. Interests.

The proportion of contribution may be governed by the interest of each of the co-obligors in the matter giving rise to the common obligation. If the obligation was incurred on account of property, the proportion is governed by the ratio of their respective interests therein. Thus, where contribution is enforced among grantees of several parcels of land for the payment of a mortgage which existed upon all the tracts before the severance and conveyance thereof by the common grantor, it is held that the proportion of contribution among the grantees is according to the value of their respective tracts of land.
Restatement of the Law of Restitution § 85 comment f (1937) states:
f. Proportionate share  unequal shares with individual obligations. Where persons are engaged in a common enterprise, their liability to contribution to each other is unequal if their interests in the enterprise are unequal or if they so agree.
See Maresh v. Jennings, 38 S.W.2d 406 (Tex.Civ.App. 1931) (contribution between the makers of promissory notes is pro rated according to the benefits received). Hanrahan v. Barry lends no support to the majority view because in that case there was no proof to overcome the presumption that the three guarantors benefitted *107 equally from the consideration received from the promissory note.
Here, the loan was made to Bos'n Yacht Brokers, Inc. Appellant Brian C. Curtis as a co-guarantor was a 60% owner of the corporation, while appellees each owned a 10% interest in the corporation. As such, appellant received 60% and appellees each received 10% of the benefits of the loan. The evidence of the co-guarantors' unequal interests in the matter giving rise to the common obligation rebutted any presumption of equality. Therefore, in the exercise of its equitable jurisdiction, the trial court properly ordered contribution according to the percentages of benefits received. Because the bankrupt's percentage of guaranty must be divided among the remaining guarantors, appellees' obligations in contribution should each be 12 1/2%.