616 So.2d 1201 (1993)
Robert K. FLETCHER, Petitioner,
v.
John C. ANDERSON; Luis J. Ballina; Gerald G. Brauer; Larry C. Carr; Harold C. Hillcher; Philip J. O'Connell; Estate of Edwin D. Barggren; Elnore Barggren, as personal representative of the Estate of Edwin D. Barggren; Elnore Barggren, as trustee of the Edwin D. Barggren and Elnore Barggren Living Trust, a/k/a Edwin D. Barggren and Elnore Barggren Living Trust U/A/D 5/20/80, Respondents.
No. 92-03748.
District Court of Appeal of Florida, Second District.
April 23, 1993.
Robert V. Williams and Gregory P. Holder of Williams, Reed, Weinstein, Schifino & Mangione, P.A., Tampa, for petitioner.
James W. Holton of James W. Holton, P.A., Madeira Beach, for respondent Anderson.
James D. Eckert and Michael D.D. Geldart of Belcher, Fleece & Eckert, St. Petersburg, for respondents Brauer and O'Connell.
Russell E. Artille of Harris, Barrett, Mann & Dew, St. Petersburg, for respondent Carr.
PER CURIAM.
Petitioner seeks certiorari review of a nonfinal order of the circuit court granting respondents' motion to strike petitioner's demand for jury trial. We grant the petition.
Petitioner and respondents were guarantors on a promissory note and guaranty agreement entered into with Anchor Savings Bank ("Anchor"). The guarantors had borrowed $1.2 million from Anchor to fund a joint enterprise, the formation of a bank. The guaranty agreement provided that the guarantors were jointly and severally liable for the note. The guarantors defaulted under the terms of the guaranty agreement and Anchor filed suit against the guarantors seeking the entire principal and balance.
Anchor obtained a judgment against all of the solvent guarantors, jointly and severally, *1202 in the amount of $1,104,490.61. Pursuant to the judgment, Anchor purchased the bank stock which secured the loan at a judicial sale. However, Anchor's judgment remained unsatisfied by approximately $560,000. Anchor subsequently took action to garnish assets held by petitioner. Petitioner agreed to pay Anchor $220,000 and entered into a post judgment agreement and release of claims with Anchor. The respondents each paid Anchor $50,000 and each entered into separate release and settlement agreements with Anchor.
Petitioner demanded contribution from the solvent guarantors for their proportionate shares of the judgment. Respondents refused his demand, and petitioner filed his complaint for contribution from the solvent guarantors and demanded a jury trial. Respondents filed a motion to strike petitioner's demand for jury trial arguing that petitioner's action for equitable contribution constituted an action in equity for which there is no right to jury trial. The circuit court entered an order granting respondents' motion and striking petitioner's demand for jury trial.
The doctrine of equitable contribution is grounded on principles of equity and natural justice and not on contract. See 2 Samuel Williston & Walter H.E. Jaeger, A Treatise on the Law of Contracts § 345 (3d ed. 1959). The principle attempts to distribute equally among those who have a common obligation, the burden of performing that obligation. Id. at p. 765. While the principle arose in equity, it is generally enforceable in actions at law. Id.; Meckler v. Weiss, 80 So.2d 608 (Fla. 1955). Thus, an obligor who has paid in excess of his prorata share of the obligation, is entitled at law to contribution from the other obligors for their aliquot share. See Love v. Gibson, 2 Fla. 598 (Fla. 1849); Manning v. Campbell, 204 N.Y.S.2d 718 (N.Y. Sup. Ct. 1960); Cooper v. Greenberg, 191 Va. 495, 61 S.E.2d 875 (Va. 1950). However, one is not entitled in an action at law to enlarge the liability of his co-obligors because some of the others are insolvent. See Williston § 345, at 777; Manning; Cooper.
We can not tell from the complaint whether petitioner is seeking an aliquot share of each guarantor's contribution or is seeking to enlarge each solvent guarantor's contribution. Further, we can not determine from the record before us the trial court's reasons for striking the demand for jury trial. To the extent that petitioner seeks an aliquot share of contribution, the circuit court departed from the essential requirements of law in striking petitioner's demand for jury trial. See Manning; Cooper. On the other hand, if petitioner seeks to enlarge the share of the solvent guarantors, it is an action in equity and he is not entitled to a jury trial. Id.
Accordingly, we grant the petition and remand for further proceedings consistent with this opinion.
RYDER, A.C.J., CAMPBELL and PARKER, JJ., concur.