660 So.2d 396 (1995)
Wilfred N. DESROSIERS, Ben Price, and Jeffrey S. Russell, as Trustee, Appellants,
v.
Douglas RUSSELL and Michael Keller, Appellees.
No. 94-03936.
District Court of Appeal of Florida, Second District.
September 15, 1995.
*397 Mark W. McFall and Anthony J. Abate of Abel, Band, Russell, Collier, Pitchford & Gordon, Sarasota, for appellants.
Stephen D. Hutton and Arthur S. Hardy of Matthews, Hutton & Eastmoore, Sarasota, for appellees.
RYDER, Acting Chief Judge.
The appellants challenge the trial court's final judgment, which dismisses their claims on two promissory notes with prejudice and rules against them on their claim for contribution. We hold that the trial court erred when it denied the appellants' contribution claim, and reverse. Our holding on this issue makes it unnecessary for us to discuss the appellants' other points on appeal or the appellees' issue on cross-appeal, which addressed their entitlement to attorney's fees.
We will concentrate on the evidence developed at the bench trial that relates to the contribution claim. Appellants Desrosiers and Price and appellees Douglas Russell and Keller decided to form a new bank, known as Price Bank, In Organization. The appellants had capital to invest in the venture; the appellees had previous banking experience. The parties established a line of credit at SunBank to fund the initial cost of starting Price Bank. Russell, as president of Price Bank, and Keller, as chief executive officer, executed a promissory note in the amount of $250,000. All four parties signed personal guaranties for the loan.
The guaranty agreements all contained the following relevant provision:
13. COMPLETE AGREEMENT. The whole of the Guaranty is herein set forth and there is no verbal or other written agreement, and no understanding or custom affecting the terms hereof. This Guaranty can be modified only by a written instrument signed by the party to be charged therewith.
Additionally, the following language appeared in a box directly above the signature line:
NOTICE TO COSIGNER: You are being asked to guarantee this debt as well as all past and future debts of the Borrower entered into with this Bank. Think carefully before you do. If the borrower doesn't pay the debt, you will have to. Be sure you can afford to pay if you have to, and that you want to accept this responsibility.
You will have to pay the full amount of the debt if the borrower does not pay... .
*398 By the fall of 1990, Price and Desrosiers decided to withdraw from the endeavor. Pursuant to the terms of their guaranties, in October 1990, they notified SunBank that they were limiting their responsibility for the future liabilities of Price Bank. At that time, SunBank had disbursed $141,375 under the terms of the $250,000 note. In August 1991, SunBank demanded payment of $14,375 from Price and Desrosiers. They paid the amount and were released from their guaranties.
The appellants sued Russell and Keller, seeking reimbursement for one-half of the amount they paid to SunBank. As previously noted, the appellants alleged several theories of recovery in their complaint, but we will only address their count for contribution because it is dispositive.
When a person pays more than his share of a common obligation, the law gives him the remedy of contribution to obtain from the other obligors payment of their respective shares of the obligation. 12 Fla. Jur.2d Contribution, Indemnity and Subrogation § 1 (1979). Where two or more persons have bound themselves as guarantors, they are generally presumed to be equally liable for a proportion of the liability on the note guaranteed. Curtis v. Cichon, 462 So.2d 104 (Fla. 2d DCA 1985). In the event that one of the guarantors has paid more than his share of the amount owed, he is entitled to demand contribution from the others. Fletcher v. Anderson, 616 So.2d 1201 (Fla. 2d DCA 1993); 38 Am.Jur.2d Guaranty § 128 (1968).
The trial court accurately noted that contribution was the appropriate theory of recovery in this case. It also correctly recognized the evidence established that neither Price nor Desrosiers ever intended to discharge or release Russell and Keller from their obligations under the guaranties. The lower court erred, however, when it found that SunBank made a binding agreement with Russell and Keller that they would not be looked to for collection of the obligation.[1] This finding was not supported by competent, substantial evidence.
The guaranty agreements were unambiguous on their faces. The provisions previously quoted show that the guaranties reflected the entire agreement between the guarantors and SunBank and that this agreement could be modified only by a signed writing. When a contract is unambiguous, a court should determine liability by construing the contract itself. Summit Consulting, Inc. v. J.J. Walsh Const. Inc., 568 So.2d 1290, 1292 (Fla. 2d DCA 1990), review dismissed, 576 So.2d 290 (Fla. 1990). The language of the guaranties established that the appellees were liable for the debt of Price Bank. No written instrument was introduced that modified their liability.
The trial court, however, determined that SunBank had an oral agreement with the appellees that it would not look to their guaranties if Price Bank defaulted. It based its conclusion on the testimony of Douglas Russell, Keller and a SunBank loan officer.[2] While both Russell and Keller testified that the SunBank officer told them the bank would not look to them on the guaranties, Mr. Russell stated that the officer never specifically told him he was not liable under the guaranty. The loan officer testified that she never told Russell and Keller that they were not bound by the guaranties. They never told her they felt they were not financially *399 obligated under the agreements. Moreover, while the SunBank officer stated that she would not have approved the loan without the financial resources of Price and Desrosiers, this testimony does not establish that the bank had no intention of enforcing the guaranties against the appellees. The officer also stated that the bank would have refused to make the loan absent the personal guaranties of Russell and Keller because they were the operating officers of Price Bank, who were in control of the loan funds.
We conclude there was no competent, substantial evidence in the record to support the trial court's finding that SunBank made a binding oral agreement with the appellees that they would not be looked to for the debt of Price Bank. The terms of the written guaranties, therefore, control the parties' liability. Nothing in the written agreements overcomes the presumption that the four guarantors are equally liable for a proportion of debt guaranteed. See Curtis. On SunBank's demand, Price and Desrosiers paid the entire amount that had been disbursed on the note at the time they limited their liability for Price Bank's debt. As such, they have paid more than their share of the amount owed, and are entitled to contribution from Douglas Russell and Michael Keller. We reverse and remand for further proceedings consistent with this opinion. Our resolution of this issue moots Russell's and Keller's cross-appeal of the court's denial of their motion for attorney's fees based on the guaranty agreements. We agree, however, with the lower court's determination that fees provided for in the guaranty agreement are not awardable in a suit based on contribution. See Fletcher, 616 So.2d at 1202 (contribution not grounded on contract, but on equitable principles).
Reversed and remanded.
CAMPBELL and QUINCE, JJ., concur.
NOTES
[1] We recognize that the lower court also held a purported assignment of the guaranties from SunBank to a trustee for Price and Desrosiers invalid. Whether the assignment was valid is irrelevant to a claim for contribution. The right to contribution arises when one obligor pays more than his proportionate share of a common obligation. Fletcher.
[2] The appellees contend that the appellants failed to object to this testimony. Our review of the record shows that, during the cross-examination of Mr. Desrosiers, the appellants did raise an objection based on the parol evidence rule to a question they believed was attempting to elicit evidence of an oral agreement that contradicted the terms of the guaranty agreements. The court overruled their objection, and they did not raise it again when additional testimony was presented at trial. Moreover, the appellants introduced the entire deposition of the SunBank loan officer, which contained part of the testimony the trial court relied upon in reaching its conclusion. Because we have determined that the parol testimony did not provide competent, substantial evidence of an oral agreement, we do not address the propriety of its admission.