743 So.2d 1202 (1999)
MICHAEL H. BLOOM, P.A., Appellant,
v.
Manuel A. DORTA-DUQUE, Appellee.
No. 98-908.
District Court of Appeal of Florida, Third District.
November 10, 1999.
Deutsch & Blumberg and James C. Blecke, Miami, for appellant.
Denise V. Powers, Coral Gables, for appellee.
Before SCHWARTZ, C.J., and LEVY and FLETCHER, JJ.
*1203 FLETCHER, Judge.
Michael H. Bloom, P.A. [Bloom] seeks to reverse an adverse final judgment rendered on Manuel A. Dorta-Duque's counterclaim. We reverse the final judgment and remand for a new trial on Bloom's claim for attorney's fees.
Dorta-Duque retained Bloom to represent him in a dissolution action under a written retainer agreement. Prior to the conclusion of the proceedings Dorta-Duque retained an additional attorney for the litigation. At the termination of the proceedings, Bloom submitted a final bill to Dorta-Duque for his services, then sued to recover his fees when Dorta-Duque failed to pay. Dorta-Duque counterclaimed, alleging Bloom negligently handled certain aspects of the dissolution action which resulted in adverse consequences to Dorta-Duque.
At the trial, Dorta-Duque asserted claims against Bloom that were not specifically set forth in the counterclaim. For example, although it was not alleged, the trial court allowed Dorta-Duque to contend that Bloom was vicariously liable for negligent acts of the additional attorney. The jury returned a verdict of $290,500 on Dorta-Duque's counterclaim, and denied Bloom any recovery on his unpaid bill for services rendered.
It is well settled that a defendant cannot be found liable under a theory that was not specifically pled. Arky, Freed, Stearns, Watson, Greer, Weaver & Harris v. Bowmar Instrument Corporation, 537 So.2d 561 (Fla.1988); see also Robbins v. Newhall, 692 So.2d 947 (Fla. 3d DCA 1997); Goldschmidt v. Holman, 571 So.2d 422 (Fla.1990). The record shows that there was no allegation of ultimate facts in the counterclaim that could have imposed vicarious liability on Bloom for acts or omissions of the successor attorney. Indeed, even had the theory of vicarious liability been allowed, the evidence is uncontradicted that the second attorney was not in any way Bloom's responsibility. It is also clear from the record that the jury did not find Bloom liable under the claims that were actually pled. There is no basis for the $290,500 judgment against Bloom. See Arky, Freed at 563.
Furthermore, the record contains evidence of the retainer agreement between Bloom and Dorta-Duque, which agreement established an account stated for Bloom's unpaid fees. The jury finding against Bloom was therefore contrary to the manifest weight of the evidence and entitles Bloom to a new trial as to the amount of those fees.
The judgment is reversed, the trial court is instructed to enter final judgment for Bloom on Dorta-Duque's counterclaim, and the cause is remanded for a new trial on the amount of Bloom's attorney's fees.