756 So.2d 182 (2000)
SPP REAL ESTATE (GRAND BAY), INC., as successor-in-interest to Colony GBP Partners, L.P., a Florida limited partnership, Appellant,
v.
JOSEPH J. PORTUONDO, P.A., Appellee.
No. 3D99-1195.
District Court of Appeal of Florida, Third District.
April 5, 2000.
Rehearing Denied May 10, 2000.
Mandel, Weisman & Kirschner and Deborah Fischer Moraitis and Susan Y. Slaton (Boca Raton), for appellant.
Joseph J. Portuondo, appellee, pro se.
Before COPE, GREEN, and FLETCHER, JJ.
PER CURIAM.
SPP Real Estate (Grand Bay), Inc. appeals an order awarding attorneys' fees in an action against a lease guarantor. Appellant argues that the award of attorneys' fees was improperly reduced based on evidence of the parties' intent in making the subject contract. Because appellant has failed to provide this court with a transcript of the proceedings below, however, we are unable to determine if appellant objected to or acquiesced to introduction of the evidence. We certainly cannot fault the able trial judge for succumbing to an error which may have been invited. In the absence of a record, we must assume the trial court's ruling was correct. Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla.1979).
Affirmed.
COPE and FLETCHER, JJ., concur.
GREEN, J. (dissenting)
I respectfully disagree with the majority's analysis of this case. We are called upon on this appeal to interpret and enforce an attorney's fee provision contained in a Guaranty of Lease agreement. In my view, the attorney's fee provision stated in the Guaranty was not "sufficiently vague and ambiguous" to allow the court to accept extrinsic evidence to illustrate the parties' intent. Because the Guaranty was clear and unambiguous as to the obligation for attorney's fees, I find that it was improper for the trial court to look outside the four corners of the document, and therefore respectfully dissent.
Colony GBP Partners, L.P., predecessor-in-interest to the appellant, SPP Real Estate, Inc. ("SPP"), as Landlord, leased to M-103 Corp., then a Florida corporation, as tenant, under a standard office lease for a term of three years, the premises known as Grand Bay Plaza, 2665 South Bayshore Drive, Suite M-103, Coconut Grove, Florida. On September 14, 1995, a Guaranty of Lease ("Guaranty") was executed by four guarantors, one of whom was the appellee, Joseph J. Portuondo, P.A. ("Portuondo"). All of the guarantors occupied the leased premises. Paragraph two of the Guaranty provides that:
2. Guarantors hereby, jointly and severally, guarantee absolutely and unconditionally, to Landlord, and Landlord's successors and assigns, as a direct obligor and not as surety, the full and timely payment of "Annual Base Rent", "Overhead Rent" and "Additional Rent" (as such terms are defined in the Lease) provided for in the Lease to be paid by Tenant. Notwithstanding the foregoing, the liability of Guarantors hereunder shall be limited to $42,818.28 plus those expenses described in paragraph 8 below.(Emphasis added).
M-103 Corp. failed to make the lease payments due December 1997 and the guarantors failed to cure this default.
Thereafter, SPP filed a suit against M-103 for breach of the lease agreement, and *183 elected to accelerate the balance due through the leasehold term, which was a sum in excess of $15,000. As a result of M-103 Corp.'s failure to pay its rent, the guarantors were obligated to make the rental payments as provided in paragraph two of the Guaranty.
M-103 Corp. failed to respond to SPP's complaint, and a default judgment was entered against M-103 Corp. in the amount of $27,687.08. The court reserved jurisdiction as to SPP's claim for attorney's fees. Thereafter, SPP proceeded against the four guarantors for the amount of the delinquent lease payments and for its attorney's fees.[1]
The matter was referred to mediation, where an agreement was reached between SPP and three of the guarantors (but not Portuondo), for $20,000 to be paid to SPP, in full and final settlement of the claims against these three guarantors. The settlement did not specify what portion, if any, of the $20,000 was attributable to SPP's claim for breach of lease and whether any of the money was attributable to SPP's attorney's fees.
This case proceeded to trial solely against Portuondo and a final judgment was entered in SPP's favor for $10,009.03. The final judgment also provided that SPP was entitled to attorney's fees against Portuondo, but the court reserved jurisdiction to determine the amount.
Subsequently, SPP filed its motion for attorney's fees and costs, to which SPP attached its monthly billing statements for legal services and an affidavit of counsel of record. SPP was seeking attorney's fees totaling $14,250 which was the amount of fees as of the date of the hearing. The billing statements, however, showed that SPP had incurred a total of $13,875 in legal fees.
The trial court concluded that a reasonable and necessary amount of attorney's fees, for the entirety of this case, against all defendants, was $13,000. The court also found that SPP could only recover one-fourth of that amount, or $3,250 from Portuondo. Specifically, the trial court's judgment provided:
In its claim, [SPP] seeks to recover from [Portuondo] all of the attorney's fees it has incurred in this case against, not just Defendant [Portuondo], but against all of the other Defendants with whom it settled even though its settlement with those Defendants, by the application of common sense, by the application of fairness, and by fair factual implication, must have included, and did include a settlement of those Defendants' proportionate amount of [SPP's] total claim for attorney's fees.

Furthermore, as an additional and separate basis for its judgment, the court concludes that the provision for attorney's fees on which [SPP] is traveling is sufficiently vague and ambiguous as to permit the court to interpret and to construct the provision in accordance with the parties' intention as determined by the court. In doing so, the court concludes that the provision for attorney's fees is not so broad as to permit Plaintiff to recover the total amount of the claim. Instead, the court concludes that the provision does not allow Plaintiff to recover against a guarantor the attorney's fees it incurs against other guarantors. (Emphasis added).
SPP appealed.
The majority affirms this attorney's fees award on the basis that the appellant failed to provide us with a transcript of the proceedings below and that accordingly, "we are unable to determine if appellant *184 objected to or acquiesced to" the introduction of evidence regarding the parties' intent. op. at 182. Because I find that the provisions of the Guaranty, which is included in the appellate record,[2] to be completely unambiguous, I believe that the introduction of evidence at the trial level as to the parties' intent was improper as a matter of law. See DEC Electric, Inc. v. Raphael Const. Corp., 558 So.2d 427, 428 (Fla.1990)(stating that "[o]rdinarily the interpretation of a written contract is a matter of law to be determined by the court."). See also Desrosiers v. Russell, 660 So.2d 396, 398 (Fla. 2d DCA 1995) (holding that "[w]hen a contract is unambiguous, a court should determine liability by construing the contract itself."); Summit Consulting, Inc. v. J.J. Walsh Const., Inc., 568 So.2d 1290, 1292 (Fla. 2d DCA 1990) (finding that "[i]f a contract is unambiguous, an entity's responsibility is determined by construction of the contract itself.").
"It is axiomatic that the clear and unambiguous words of a contract are the best evidence of the intent of the parties." Murry v. Zynyx Marketing Comms. Inc., Case No. 3D98-2682, ___ So.2d ___, 2000 WL 201186 (Fla. 3d DCA Feb.23, 2000) (citing Turk v. Hysan Prods. Co., 149 So.2d 584 (Fla. 3d DCA 1963)). See also Acceleration Nat. Serv. Corp. v. Brickell Fin. Servs. Motor Club, Inc., 541 So.2d 738, 739 (Fla. 3d DCA 1989) (stating that "the actual language used in the contract is the best evidence of the intent of the parties, and the plain meaning of that language controls."); Steuart Petroleum Co., Inc. v. Certain Underwriters at Lloyd's London, 696 So.2d 376, 379 (Fla. 1st DCA 1997) (courts are bound to assign contract provisions the meaning that would be attached to them by an ordinary person of average understanding); Anderson v. Trade Winds Enters. Corp., 241 So.2d 174, 177 (Fla. 4th DCA 1970) (if a written contract in unambiguous terms expresses an unconditional guarantee, the guarantee is absolute and the guarantor's liability cannot be limited by parol evidence). Moreover, on appeal, we have a de novo review of a trial court's interpretation of a contract. See Gumberg v. Gumberg, 755 So.2d 710 (Fla. 4th DCA 1999) (interpretation of a contract is a matter of law and is therefore reviewed by the appellate court de novo.); Inter-Active Servs., Inc. v. Heathrow Master Assoc., Inc., 721 So.2d 433, 434 (Fla. 5th DCA 1998) (stating that the "[i]nterpretation of a contract is a question of law and an appellate court is not restricted in its review powers from reaching a construction contrary to that of the trial court."); Royal Oak Landing Homeowner's Assoc., Inc. v. Pelletier, 620 So.2d 786, 788 (Fla. 4th DCA 1993) (interpretation of a contract is a matter of law and reviewable by the district court of appeal). Consequently, the majority's affirmance based upon the conclusion that we must give deference to the trial court's findings, in the absence of a transcript or an invited error analysis, is wholly misplaced in a case of this nature.
A plain reading of paragraph two of the Guaranty shows that the guarantors were "jointly and severally" liable for "those expenses described in paragraph [eight]." The expenses described in paragraph eight include "taxable costs and reasonable attorney's fees and costs through all appeals." Moreover, paragraph two also provides for joint and several liability for "additional rent." Additional rent is defined in the lease as "any and all other sums payable by Tenant hereunder, including, but not limited to, ... sums payable on account of default by Tenant." Undoubtedly, the attorney's fees incurred in bringing this action constitute sums payable to SPP "on account of default by the Tenant." Thus, based on the plain language of paragraph two, and paragraph eight of the Guaranty, the guarantors, *185 including Portuondo, were liable for attorney's fees, jointly and severally. Accordingly, in the face of this unambiguous language, any reduction of the attorney's fee award by the trial court could only have been for work that was not related to the guaranty. See e.g., Thunderbird, Ltd. v. Great American Ins. Co., 566 So.2d 1296, 1302-03 (Fla. 1st DCA 1990)(Creditor seeking to recover on guaranty was not entitled to attorney fees and costs encompassing work performed that was not attributable solely to guaranties, as required by guaranty contract).
Furthermore, paragraph nine of the Guaranty provides that the guarantors' joint and several liability under the Guaranty will remain and continue in full force and effect notwithstanding the settlement or release of any other guarantor.[3] It is therefore clearly obvious that the parties contemplated a situation where SPP might settle or compromise a claim against one or more of the guarantors, with the Guaranty remaining and continuing in full force and effect, with joint and several liability, against another guarantor.[4] Read in conjunction with the other provisions of the Guaranty, each of the guarantors clearly contemplated the possibility that they would be held jointly and severally liable for any damages and/or attorney's fees resulting from the breach of the lease with SPP.
Finally, it should be noted that the law provides protection for claims between the respective guarantors. When two or more persons have bound themselves as guarantors, they are generally presumed to be equally liable for a proportion of the liability guaranteed. See Curtis v. Cichon, 462 So.2d 104 (Fla. 2d DCA 1985). In the event that one of the guarantors pays more than his/her share of the amount owed, he/she is entitled to demand contribution from the others. See Fletcher v. Anderson, 616 So.2d 1201 (Fla. 2d DCA 1993). Thus, Portuondo could seek contribution from the other guarantors for the amounts he was ordered to pay SPP; however, equal distribution of the "joint and several" obligation under the Guaranty is not intended to affect the one to whom the guarantor is obligated.
The net effect of this court's affirmance of the lower court's decision is an undeserved and unjustifiable windfall to the one guarantor who actively litigated and lost this case at trial and presumably caused the appellant to incur the most legal expenses.[5] I would thus reverse the trial court's order to the extent that it reduced the $13,000 attorney's fee award, and would hold Portuondo, under the theory of joint and several liability, responsible for the fee award.
NOTES
[1] The Guaranty provided that the prevailing party would be entitled to attorney's fees. Specifically, the Guaranty provided:

8. In the event of any litigation concerning this Guaranty, the prevailing party (or parties) shall be entitled to recover from the losing party (or parties) all taxable costs and reasonable attorney's fees and costs through all appeals.
[2] The Guaranty is also included as Item # 2 of Portuondo's Appendix to Appellee's Answer Brief.
[3] Specifically, paragraph nine of the Guaranty provides:

9. Guarantors do hereby further consent, covenant and agree that Landlord may from time to time before or after any default by Tenant under the Lease, or assent from Guarantors, enter into, approve, or consent to the following (and the Guaranty shall remain and continue in full force and effect, notwithstanding): ... (e) any settlement, release, adjustment, or compromise of any claim of Landlord against Tenant or any other person otherwise liable (including, without limitation, any other guarantor) for any indebtedness, liability, or obligation of Tenant guaranteed hereby. (Emphasis added).
[4] SPP's total claim for attorney's fees was not in existence at the time of the settlement with the other co-guarantors (at mediation on September 17, 1998). This matter continued to trial, held February 17, 1999, against guarantor, Portuondo.
[5] It should also be noted that in entering the final judgment of $10,009.03 against Portuondo, the trial judge had already set-off the principle amount and accumulated interest owed to SPP by the $20,000 settlement. Thus the trial court's reduction of the attorney's fees award in this case essentially amounted to a double set-off.