ON MOTION FOR REHEARING

SHAHOOD, J.
We grant appellees’ motion for rehearing, withdraw our prior opinion and substitute the following.
Khosrow Maleki, P.A. and Khosrow Ma-leki, M.D., individually, appeal from the trial court’s granting of Final Summary Judgment and Final Declaratory Judgment in favor of appellees, M.A. Hajianp-our, M.D., P.A., M.A. Hajianpour, M.D., individually, and Zoya Physical Therapy and Rehabilitation Center, Inc. Because the terms of the contract at issue are clear and unambiguous, we hold as a matter of law that the effective date of termination was September 1, 1992. Accordingly, we reverse and remand with directions for the trial court to enter judgment in favor of appellants.
This case .involves a dispute between the parties over their respective rights and obligations under a two-year employment agreement. The employment agreement granted certain stock option rights to Dr. Maleki in Dr. Hajianpour’s practice which vested at the end of the two-year term. Prior to the end of the term, Dr. Hajianp-our notified Dr. Maleki that he was terminating the employment agreement. Dr. Maleki contested Dr. Hajianpour’s right to terminate the agreement and attempted to exercise his stock option rights. This resulted in appellees filing suit seeking declaratory relief. The relevant facts are as follows.
In June 1990, the parties executed a two-year agreement commencing on September 1, 1990. Under the terms of the agreement, Dr. Maleki, an orthopedic surgeon, through his professional association, was to render medical and surgical services to Dr. Hajianpour’s professional as- ■ sociation as an independent contractor. In order to do so, Dr. Maleki relocated to Broward County. In consideration for such services, Dr. Maleki was to be paid a sum certain for the first 12 months and another sum certain the second 12 months of the Agreement. The Agreement also provided the following termination and right to purchase stock options clauses:
5. TERM. The obligations of the parties hereto shall commence on September 1, 1990, and shall continue for one two year term; provided, however, that either party may terminate this Agreement at any time, upon sixty days prior written notice to the other without cause
[[Image here]]
6. RIGHT OF FIRST OPTION/TERMS. If this Agreement is still in full force and effect at the conclusion of the two year period, then MA-LEKI shall have the right to purchase from HAJIANPOUR or HAJIANP- *630 OUR, P.A., an equal ownership interest in the issued stock of HAJIANPOUR, P.A. on the terms and conditions hereinafter set forth. This option to purchase such stock will automatically terminate at the expiration of the two (2) month period following the termination date of this Agreement.
Under the terms of the above clauses, Dr. Maleki’s two-year term commenced on September 1, 1990 and ended on August 31, 1992. If the Agreement was in full force and effect at the conclusion of the two-year term, Dr. Maleki was vested with the right to exercise his stock options to purchase half of the stock in Dr. Hajianp-our’s medical practice.
After Dr. Maleki substantially completed his two-year term under the Agreement, Dr. Hajianpour, on June 4, 1992, hand-delivered a letter of that same date from Dr. Hajianpour’s counsel, notifying Dr. Maleki that he was giving formal notice of terminating their agreement effective September 1, 1992. Dr. Hajianpour also presented Dr. Maleki with a proposed draft of - a new agreement.- The new agreement eliminated any provision for the purchase of stock options and had a commencement date of September 1, 1992. On June 8, 1992, Dr. Maleki was sent a second letter notifying him that Dr. Ha-jianpour was terminating their Agreement effective September 1, 1992. Dr. Maleki responded to the correspondence, disputing the contents of Dr. Hajianpour’s letter.
Thereafter, Dr. Maleki informed Dr. Ha-jianpour that he intended to exercise his stock option rights to purchase an interest in Dr. Hajianpour’s practice. Dr. Hajianp-our then filed a complaint for declaratory relief to determine whether he had any obligation to sell an ownership interest in his practice to Dr. Maleki even though he terminated their agreement. Dr. Maleki filed a counterclaim seeking relief for anticipatory breach of contract, fraud in the inducement, declaratory judgment, and breach of contract.
In his counterclaim, Dr. Maleki claimed that Dr. Hajianpour breached the implied covenant of good faith and fair dealing in the performance of the contract by intentionally seeking to deprive him of the right to exercise his stock options. Further, he claimed that his right to exercise his stock options vested and was in full force and effect since Dr. Hajianpour’s notice of termination had an effective date of September 1,1992.
The trial court granted summary judgment and final declaratory judgment in favor of appellees on all issues raised. In entering declaratory relief in favor of ap-pellees, the trial court held as follows:
a) The termination provision in the Agreement was unambiguous and governed the effective date of termination;
b) The Plaintiffs/Counter-Defendants’ letters dated June 4, 1992 and June 8, 1992 effectively terminated the Agreement prior to September 1,1992;
c) Based upon the termination, neither party had any rights or obligations under the Agreement; and
d) Plaintiffs/Counter-Plaintiffs had no obligation to sell stock to Defendants/Counter-Plaintiffs under the Agreement after it was terminated.
It is well settled that a party moving for summary judgment must show conclusively the absence of any genuine issue of material fact and the court must draw every possible inference in favor of the party against whom a summary judgment is sought. See Moore v. Morris, 475 So.2d 666, 668 (Fla.1985). A summary judgment should not be granted unless the facts are so crystallized that nothing remains but questions of law. See Holl v. Talcott, 191 So.2d 40 (Fla.1966). If the evidence raises any issue of material fact, if it is conflicting, if it will permit different reasonable inferences, or if it tends to prove the issues, it should be submitted to the jury as a question of fact to be determined by it. See Moore, 475 So.2d at 668. This case presents a pure question of law and we have a de novo review of the trial *631 court’s interpretation of the contract at issue. See Gumberg v. Gumberg, 755 So.2d 710 (Fla. 4th DCA 1999). The interpretation of a contract is a question of law and an appellate court is not restricted in its review powers from reaching a construction contrary to that of the trial court. See SPP Real Estate (Grand Bay), Inc. v. Joseph J. Portuondo, P.A., 756 So.2d 182 (Fla. 3d DCA 2000); Royal Oak Landing Homeowner’s Ass’n v. Pelletier, 620 So.2d 786, 788 (Fla. 4th DCA), review denied, 630 So.2d 1101 (Fla.1993).
It is axiomatic that the clear and unambiguous words of a contract are the best evidence of the intent of the parties. See Murry v. Zynyx Mktg. Communications, Inc., 25 Fla. L. Weekly D 478, — So.2d-, 2000 WL 201186 (Fla. 3d DCA Feb.23, 2000). Where contracts are clear and unambiguous, they should be construed as written, and the court can give them no other meaning. See Institutional & Supermarket Equip., Inc. v. C & S Refrigeration, Inc., 609 So.2d 66, 68 (Fla. 4th DCA 1992). In construing a contract, the legal effect of its provisions should be determined from the words of the entire contract. See Sugar Cane Growers Coop, of Fla., Inc. v. Pinnock, 735 So.2d 530, 534 (Fla. 4th DCA), review denied, 744 So.2d 456 (Fla.1999).
The words of the employment agreement clearly contemplate that Maleki would be employed for one two-year term commencing September 1, 1990 provided that either party may terminate the agreement at any time, upon sixty days prior written notice to the other without cause. In construing the contract terms according to their ordinary meaning, it is clear that the contract provides that either party receive at least sixty days prior written notice before the contract can be terminated. It does not, however, contemplate that the contract expire on 60th day. In this case, Hajianpour, in his letter of termination, selected the effective date of termination. Said letter complied with the terms of the contract in that it provided the required sixty day notice, but it did not expire until the effective date of termination selected by employer. The June 4, 1992 letter of termination provided that “according to paragraph 5 of the such Agreement, this letter serves as the formal termination of the Agreement and of the current working relationship between the parties, effective September 1,1992.”
Because the agreement did not terminate until September 1, 1992, we must determine whether, under the terms of the agreement, Maleki had the authority to exercise his stock option rights. We conclude that Maleki did have such right since he fulfilled his two-year term on August 31, 1992. Paragraph 6 of the employment agreement provides that if the agreement is “still in full force and effect at the conclusion of the two year period,” then Maleki shall havé the right to purchase from Hajianpour an equal ownership in issued stock of Hajianpour, P.A.
Based on the foregoing, we reverse and remand with directions for the trial court to enter summary judgment in favor of Maleki.
REVERSED AND REMANDED WITH DIRECTIONS.
POLEN, J., and GLICKSTEIN, HUGH S., Senior Judge, concur.