POLEN, J.
This appeal arises from a final judgment against Viterra, following a jury trial. The dispute involves a breach of contract action in which Gateway, the owner of a 400-unit apartment project, alleged that Viterra installed a water sub-metering system which did not function properly resulting in the under-billing of residents for their water use. The underlying contract was documented, at least in part, by two separate Purchase Order Agreements, which pertain to the installation of an integrated sub-metering system, and a Reading/Bill *1209 ing Agreement, which is a lengthy formal document that makes no reference to the installation of the sub-metering system and pertains solely to the reading and billing aspect of the parties’ deal. The jury returned a $95,000.00 verdict for Gateway, consisting of $60,000.00 for failure to read the sub-meters and bill residents in accordance with the contract and $35,000.00 for failure to install a water metering system in accordance with the contract. The Final Judgment was adjusted upward to $118,802.45 to account for Gateway’s contractual prevailing party attorneys’ fees and taxable costs. For the reasons set forth below, we reverse.
Gateway failed, in both the Complaint and the Amended Complaint, to allege breach of an oral contract. Furthermore, the parties’ Joint Pre-Trial Stipulation does not contain any reference to an oral agreement. Moreover, Viterra’s Second Interrogatories to Gateway asked Gateway to identify all oral and written warranties which were given by Viterra. In response, Gateway stated, “Plaintiff does not allege any oral express warranty.” Despite this response, at trial, Gateway sought to prove that a Viterra salesman for the project made oral representations by explaining that Viterra would provide a system that was capable of rendering consistently accurate water usage readings. The court erred in allowing this testimony.
During the charging conference, Gateway told the trial court the jury needed to be able to determine whether there was “an agreement embodied in the purchase order and embodied in the oral communications between the salesman” and Gateway, and that the jury should be able to consider what the salesman told Gateway as to what the deal was and what was intended by the agreement. Gateway’s interrogation of the salesman, in hindsight, confirms Gateway’s attempt to prove an oral agreement or at the very least oral warranties, which had been breached. Furthermore, Gateway erroneously advised the trial court that it pled a contract’s existence beyond the four corners of the three documents. Ultimately, the trial court gave the following jury instruction over the objection of Viterra: “A legally binding contract may be established by ... an oral agreement between the parties.”
“The law is clear that litigants at the outset of a suit must be compelled to state their pleadings with sufficient particularity for a defense to be prepared.” Triana v. FI-Shock, Inc., 763 So.2d 454, 458 (Fla. 3d DCA 2000); see also Bloom v. Dorba-Duque, 743 So.2d 1202, 1203 (Fla. 3d DCA 1999) (stating that “[i]t is well settled that a defendant cannot be found liable under a theory that was not specifically pled.”). Since Gateway did not initially plead breach of an oral contract, nor seek to amend its pleading prior to or during trial, Viterra lacked sufficient notice to adequately address this claim during the discovery period. Neither can Gateway claim the issue of oral contract was tried by implied consent. See Fla. R. Civ. P. 1.190(b). Thus, Viterra was not permitted to fully develop any possible defenses to an oral contract claim, such as the statute of limitations and statute of frauds. Consequently, we find the trial court erred by instructing the jury that they could find Viterra in breach of an oral agreement. Therefore, we reverse for a new trial based on the written contract.
REVERSED and REMANDED.
KLEIN and STEVENSON, JJ., concur.