POLEN, J.
This appeal arises from the entry of a final judgment entered after a jury found in favor of the homeowner in a breach of contract, breach of warranty action against the contractor and sub-contractor that built the home. Although we affirm the ultimate conclusion reached below in favor of the homeowner, we find error in the trial court’s denial of the sub-contractor Packard’s motion for directed verdict and for judgment notwithstanding the verdict on Helmet’s contribution claim.
In April 1994, William and Kathryn Stoddard purchased a vacant lot with the intent of having a residence built on it. They hired an architect to design their home; then hired Helmet House to construct the home. Subsequently, Helmet sub-contracted with Packard Roofing Inc. to construct the roof. The Stoddards moved into the property in August 1995.
In October 1999, the Stoddards discovered that the home had suffered damage due to a leaky roof. Both Helmet and Packard refused to repair the roof. The Stoddards then hired Terry Kellagher to evaluate the roof and advise them on what needed to be done. Kellagher inspected the roof in April of 2000. He concluded that they needed a new roof.
The Stoddards filed a complaint alleging breach of implied warranty, breach of ex *1179 press warranty, and breach of contract. Helmet then filed a third party complaint against Packard for contribution, subrogation and common law indemnification. The subrogation claim was dropped prior to trial. In addition, also prior to trial, the court entered a partial summary judgment in favor of all defendants on the implied warranty counts.
The case went to a jury. At the start of trial, the court granted the Stoddard’s motion for a directed verdict on Helmet’s statute of limitations and expiration of the warranty defenses and denied Helmet’s motion for a directed verdict on the same. The majority of these rulings are challenged by Helmet House in this appeal. After the plaintiffs rested, Packard moved for a directed verdict on Helmet’s contribution claim. The motion was denied and is the subject of the cross appeal and this opinion.
Ultimately the jury returned a verdict finding that Helmet breached its contract with the Stoddards and breached the express warranty that was in the contract. Helmet was found to be 70% “negligent” and Packard 30%. Helmet’s motion for new trial, remittitur, and judgment notwithstanding the verdict were denied. The court then entered a judgment for costs and fees in favor of the Stoddards. This appeal timely follows.
We are unpersuaded by the numerous arguments Helmet raises on appeal and write only to address the issue raised on cross appeal in an effort to provide guidance in an area relatively unaddressed by Florida case law. On cross appeal, Packard claims the trial court erred in denying its motion for a directed verdict and motion for judgment notwithstanding the verdict on Helmet’s contribution claim. We agree.
Both parties agree that Uniform Contribution Among Tortfeasors Act (“UCATA”) does not apply because the parties were sued under a contract theory. As a result, Helmet sought relief against Packard under a common obligation theory. Helmet contends the contribution claim was properly submitted to the jury because of the existence of a common obligation between Helmet and Packard. In response, Packard initially argues, and the record demonstrates, that the theory of equitable contribution was never pled or tried below.
In Michael H. Bloom, P.A. v. Dorta-Duque, 743 So.2d 1202 (Fla. 3d DCA 1999), the third district held that “[i]t is well settled that a defendant cannot be found liable under a theory that was not specifically pled.” Id. at 1203 (citing Arky, Freed, Steams, Watson, Greer, Weaver & Harris v. Bowmar Instrument Corp., 537 So.2d 561 (Fla.1988)). Therefore, Helmet should have been barred from recovering under a common obligation theory by its failure to specifically plead.
In the alternative, Packard contends, and we also agree, that the theory of common obligation does not apply as a matter of law. Packard cites to Hartford Accident & Indemnity Co. v. Scarlett Harbor Associates, 109 Md.App. 217, 674 A.2d 106 (1996), a case out of a Maryland court that is on point. In Hartford, condominium unit owners brought suit alleging defective design and construction against a developer and its present and former general partners. Defendants then filed third-party claims, including a contribution claim, against the masonry subcontractor as well as the framing subcontractor and its surety-
Maryland, like Florida, has adopted the Uniform Contribution Among Tortfeasors Act. In Hartford, the Maryland court commented that contribution is not limited to tort cases, but may also be applied to cases involving joint contractual obligations as well. This is the same theory used in Florida cases and the same theory upon *1180 which Helmet based its claim. See e.g., Desrosiers v. Russell, 660 So.2d 396 (Fla. 2d DCA 1995). The Maryland court clarified that parties share a common liability if they are either coobligors or joint tortfea-sors, and parties are co-obligors if they are jointly liable or jointly and severally liable on an obligation. The Maryland court summarized that whether the Defendants were ultimately entitled to contribution from the sub-contractor hinged on whether then- respective liabilities were in tort or in warranty. Hartford Acc. & Indem. Co., 109 Md.App. 217, 674 A.2d 106. The court held that if the liability of the defendant was based only on a contract theory rather than in tort, the defendant would have no right of contribution from the sub-contractor because the sub-contractor was not a co-obligor on the Defendants’ warranty. Id.
Although we find no Florida case that discusses the common obligation theory in as much detail as Hartford, the Florida cases lead to the same conclusion.
In Desrosiers, the court held that “when a person pays more than his share of a common obligation, the law gives him the remedy of contribution to obtain from the other obligors payment of their respective shares of the obligation.” Desrosiers, 660 So.2d at 397.
Although the Desrosiers court did not define what amounts to a common obligation, the basis of the court finding that the parties had a common obligation was that they both guaranteed the same bank loan. Similarly, in Schrank v. Pearlman, 683 So.2d 559 (Fla. 3d DCA 1996), the court relied upon a theory of common obligation to hold parties liable when the parties all had executed a personal guaranty of a loan. See also Fletcher v. Anderson, 616 So.2d 1201 (Fla. 2d DCA 1993) (Petitioner and respondent were guarantors on a promissory note and guaranty agreement entered.); Curtis v. Cichon, 462 So.2d 104 (Fla. 2d DCA 1985)(Guarantors of promissory note were equally liable on the note.) In Schrank, the court quoted a very early Florida Supreme Court opinion as follows:
The principal of contribution does not seem to have sprung from contract, but is based on a principle of justice and equity, that one person should not be singled out by the creator to pay the whole, demand; and where this occurs, the law intervenes and places sureties relatively to each other in a state of equality as to the amount paid, and gives the party paying a remedy by action for contribution. This right of action grows out of an implied agreement, that if one surety shall be compelled to pay the whole, or a disproportionate part of the debt, the other shall pay such a sum as shall render their common burden equal.
Id. at 561-62 (quoting Love v. Gibson, 2 Fla. 598, 618-19 (1849)).
In this case, Packard and Helmet did not share a common obligation. Therefore, Packard is correct that the common obligation theory is inapplicable as a matter of law. In light of the parties’ acknowledgment that the claim did not stem from tort liability, it follows that there was no reasonable evidence upon which a jury could have legally entered a verdict in favor of Helmet, and the trial court should have granted Packard’s motion for directed verdict. On remand we instruct the trial court to enter an order in favor of Packard and assess Helmet as 100% liable to the Stoddards.
AFFIRMED IN PART; REVERSED IN PART.
STEVENSON and SHAHOOD, JJ., concur.