[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-11850
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 25, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:10-cv-20872-JAL

AMERICAN EMPIRE SURPLUS LINES
INSURANCE COMPANY,
a foreign corporation,

Plaintiff - Appellee,

versus

CHABAD HOUSE OF NORTH DADE, INC.,
a Florida Non-Profit Organization,

Defendant,

JOHN DOE,
JANE DOE,
individually and as the natural
parents and guardians of J.D., a minor,

Defendants - Appellants.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(October 25, 2011)

Before CARNES, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Appellants John and Jane Doe appeal the holding of the district court that Appellee American Empire Surplus Lines Insurance Company ("American Empire") has no duty to defend a third party, the Chabad House of Northdade, ("Chabad"), against claims by the Does that Chabad House's negligence resulted in significant injury to the Does' special needs child, "J.D." After review of the briefs and the thorough analyses of the magistrate and district judges, we affirm.

This appeal stems from American Empire's action seeking a declaratory judgment regarding its responsibilities as Chabad's insurer. In the underlying suit, the Does allege that two members of Chabad House, sent ostensibly to "motivate, befriend and enrich" J.D., in actuality tormented and abused him. They seek to hold Chabad liable for both the actual injuries to J.D., and also Chabad's "negligent selection, training and monitoring of [its members], its negligent misrepresentations, and its failure to warn that [its members] had not been

2

screened or trained and would not be monitored or supervised." Subsequent to the Does' initiation of their lawsuit, American Empire, with which Chabad holds an insurance policy, brought a declaratory action seeking a judgment that the American Empire policy does not cover the Does' claims against Chabad. After briefing, and with the benefit of a Report and Recommendation from the magistrate judge, the district court found that the policy did not provide coverage for the torts alleged by the Does, and therefore granted summary judgment in favor of American Empire. This appeal followed.[1]

The parties agree that the Chabad members accused of abusing J.D. are "insureds" within the scope of the American Empire policy. Thus the sole question presented in this appeal is whether a separate exclusion provision in the American Empire policy bars the Does' claims. The district court found, and we now affirm, that the policy contains such an exception and therefore relieves American Empire of any responsibilities stemming from the Does' litigation.

Specifically, the American Empire policy contains an "Abuse or Molestation Exception," which provides:

---

[1] We review the grant of summary judgment, as well as the interpretation of an insurance contract, de novo. See, e.g., James River Ins. Co. v. Ground Down Eng'g, Inc., 540 F.3d 1270, 1274 (11th Cir. 2008). Furthermore, in this diversity case involving an insurance contract, state law governs. See Dempsey v. Auto Owners Ins. Co., 717 F.2d 556, 559 (11th Cir. 1983).

3

This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of

1. The actual or threatened abuse or molestation by any person in the care, custody or control of any insured, or

2. The negligent
    a. Employment,
    b. Investigation,
    c. Supervision,
    d. Reporting to the proper authorities, or failure to so report, or
    e. Retention, of a person for whom any insured is or ever was legally responsible and whose conduct would be excluded by Paragraph 1 above.

We have previously recognized that, under Florida law, such "arising out of" exclusions are to be construed broadly. James River, 540 F.3d at 1275 (citing Taurus Holdings, Inc. v. United States Fid. & Guar. Co., 913 So. 2d 528, 539 (Fla. 2005)). Indeed, in James River we explained:

"the term 'arising out of' is broader in meaning than the term 'caused by' and means 'originating from,' 'having its origin in,' 'growing out of,' 'flowing from,' 'incident to' or 'having a connection with.'" To have arisen out of something, there must be "some causal connection, or relationship" that is "more than a mere coincidence" but proximate cause is not required.

Id. (quoting Taurus Holdings, 913 So. 2d at 539). We think it clear that this standard is broad enough to include the Does' claims in this case.

As a result, because the parties agree that the Chabad members are "insureds," the plain terms of the Abuse and Molestation Exclusion thus exclude

4

the Does' claims unless some irregularity distinguishes the American Empire policy from other "arising out of" contracts. The Does argue that indeed the American Empire policy contains a material distinction. Specifically, they aver that unlike the policies at issue in <u>Taurus</u> and <u>James River</u>, the American Empire policy contains a second paragraph that modifies the first. To this end, they interpret the policy to require courts to "look to paragraph 1 when the claims against the insured are based on the abuse itself or vicarious liability for the acts of the abuser, and to paragraph 2 when the claims against an otherwise innocent insured are based on its enabling negligence." They in turn conclude that, under their proposed interpretation, their claims are covered by the American Empire policy because those claims do not involve negligence of the types set forth in paragraph 2.

We cannot agree. To begin, the Does' reading would have us ignore the plain meaning of the first paragraph, in contravention of Florida law. <u>E.g.</u>, <u>Khosrow Maleki, P.A. v. M.A. Hajianpour, M.D., P.A.</u>, 771 So. 2d 628, 631 (Fla. 4th DCA 2000) (a contract must be interpreted pursuant to the plain meaning of its terms). Moreover, to accept the Does' interpretation we would also have to ignore the "general rule[] [that] use of a disjunctive in a statute indicates alternatives and requires that those alternatives be treated separately. Hence, language in a clause

5

following a disjunctive is considered inapplicable to the subject of the preceding clause." Brown v. Budget Rent-A-Car Systems, Inc., 119 F.3d 922, 924 (11th Cir. 1997). We think that Brown's understanding of the disjunctive "or" applies equally to the insurance policy in this case. As a result, we reject the Does' alternative interpretation, which would require us to read "or" as a limitation on paragraph 1, rather than as an independent exclusion where paragraph 1 does not apply.

For the foregoing reasons, we find that the Does' claims against Chabad are excluded from the scope of Chabad's insurance policy with American Empire. Thus, we hold that American Empire is entitled to summary judgment in their declaratory judgment action, and affirm.

**AFFIRMED.**