# Third District Court of Appeal

## State of Florida

Opinion filed October 26, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-391
Lower Tribunal No. 19-5047 CC
_____

**JGF 1560 Lenox Avenue LLC,**
Appellant,

vs.

**Barre Motion, Inc., et al.,**
Appellees.

An Appeal from the County Court for Miami-Dade County, Gloria Gonzalez-Meyer, Judge.

Law Office of Ansana D. Singh, P.A., and Ansana D. Singh, for appellant.

Weinstein & Cohen, P.A., and Judson L. Cohen, for appellees.

Before FERNANDEZ, C.J., and EMAS and GORDO, JJ.

GORDO, J.

JGF 1560 Lenox Avenue, LLC ("Lenox") appeals a final summary judgment in favor of Barre Motion, Inc., Julie A. Jacko, and Francois Sainfort (collectively "Barre"). We have jurisdiction. Fla. R. App. P. 9.030(b)(1)(A). We find no error in the trial court's determination that the terms of the agreements were clear and unambiguous and no genuine dispute of material fact remained on the parties' pleadings. Because it is undisputed Lenox failed to provide the requisite notice of default and opportunity to cure, we find summary judgment was proper as Barre was entitled to judgment as a matter of law. See Bradley v. Sanchez, 943 So. 2d 218, 222 (Fla. 3d DCA 2006) ("Where the terms of the contract are clear and unambiguous, summary judgment is appropriate." (quoting Khosrow Maleki, P.A. v. M.A. Hajianpour, M.D., P.A., 771 So. 2d 628, 631 (Fla. 4th DCA 2000))); Barco Holdings, LLC v. Terminal Inv. Corp., 967 So. 2d 281, 289–90 (Fla. 3d DCA 2007) (affirming entry of summary judgment where the plain language of a lease required a declaration of default by the landlord, with notice to tenant and an opportunity to correct, and there was no factual dispute that the landlord never declared a default, and tenant never received notice of default).

Affirmed.